MUNKRES v. THE KANSAS CITY, ST. JOSEPH & COUNCIL BLUFFS. RAILROAD COMPANY, *Appellant.*

**Railroad Flooding Adjoining Lands by Construction of its Road**: SURFACE WATER: WATER COURSE. A railroad company whose road was built upon a right of way granted to the company by the proprietor for that purpose, so constructed its road bed and ditches as to collect and discharge water upon adjacent lands of the latter. In an action against the company to recover for the damages thus sustained, the evidence was conflicting as to whether the water was that of a running stream or natural water course, or whether it was simply surface water. The trial court, after instructing the jury as to what constitutes surface water and what a stream or water course, further instructed them in substance, as follows: 1. That if the water was surface water the company was not liable, provided its road bed and ditches were constructed with reasonable care and skill with reference to the use of the same for railroad purposes. The company was not bound to make ditches to protect plaintiff's land from injury from surface water. 2. But if the water was that of a stream or natural water course, and it was diverted from its natural channel, the company was liable; provided, however, that plaintiff could not recover for damages which he might have averted at comparatively small cost. The company was bound to make sufficient ditches and passages to conduct the water away and prevent it from injuring plaintiff; but if it did not do so, it was the duty of plaintiff to use all reasonable means to avert and avoid injury by the construction of ditches and levees himself within a reasonable time, if the same could be done at a reasonable amount of labor and expense. On appeal by the company from a verdict and judg-

ment for plaintiff; *Held*, that the company had no right to complain of these instructions. But see *Shane v. K. C., St. Joseph & Council Bluffs R. R. Co.*, 71 Mo. 237; *McCormick v. same*, 70 Mo. 359.

*Appeal from Andrew Circuit Court.*—Hon. H. S. Kelley, Judge.

AFFIRMED.

*W. P. Hall* for appellant.

*Heren & Son* and *Rea & Williams* for respondent.

Hough, J.—This was an action to recover damages for the diversion by the defendant of a certain stream of water from its natural course and channel whereby plaintiff's fields were flooded and injured. The testimony was conflicting as to whether the water diverted was that of a running stream or natural water course, or whether it was simply surface water.

The court, of its own motion, instructed the jury as follows:

1. The relinquishment of the right of way read in evidence, authorized the railroad company to enter upon the plaintiff's lands and construct its road in the usual manner of building roads, by throwing up and raising the ground for the road-bed, and by cutting ditches along the sides of the road to keep the water off the track. If, therefore, you find from the evidence, that the road-bed and ditches were constructed with reasonable care and skill, with reference to the use of the same for railroad purposes, and the plaintiff has been incidentally injured by the collection and flow of surface water upon his lands caused by the construction of the road, he is without remedy for such injury. The railroad company was not bound to make ditches larger or longer than was necessary to secure its road-bed. It was not bound to make ditches to protect the plaintiff's land from injury from surface water which might collect along the road.

2. If the jury believe from the evidence that in the construction of the railroad, the water of a stream or branch (known as the Wells branch) was changed and diverted from its usual natural channel and course of flowage, and caused to flow in a new direction down and along the railroad track, and that thereby the whole or any part of the water of said branch so turned and diverted flowed upon and over the lands of the plaintiff (described in the petition) in the years 1870, 1871, 1872, and up to May, 1873, to the injury of the plaintiff's crops, you should find for the plaintiff, and assess his damages at such sum as you may believe from the evidence he has sustained by reason of the waters of said branch being so turned out of and from its natural channel upon the plaintiff's lands by the construction of the road.

3. The main question for the jury to determine is, whether the railroad company, in the construction of the road, by its embankments and ditches, diverted the water of a stream or water course from its usual and natural channel, and caused it to flow in a new direction, whereby some part of the water so turned and diverted, was made to flow upon plaintiff's land to his injury. A water course is a stream or brook having a definite channel for the conveyance of water. It may be made up, more or less, from surface water from rains and melting snow, but after it enters into a channel and commences to flow in its natural banks, it is no longer to be considered surface water, and it is not essential that the water should continue to flow in such stream constantly the whole year around; it is sufficient if the water usually flows in such channel, though not continually. That is, to constitute a branch or stream there must be something more than a mere surface draining, swelled by freshets and melting snow, and running occasionally in hollows and ravines, which are generally dry. The water must usually run in a definite bed or channel, though it need not flow continually the year round. But although the water from high lands and hills may unite

and form a stream with a definite channel, yet if it afterward ceases to remain a channel, but spreads out over the surface of low lands, and runs in different directions in swags and flats without any definite channel, it ceases to be a stream or water course.

4. If the jury find from the evidence that there was a stream or water course, such as is here described, running in a westward direction from the bluffs of high lands through the bottom toward the One Hundred and Two river, and that the railroad company in the construction of its road obstructed the channel of said water course and turned its waters down the road to and upon the plaintiff's land to his injury, you should find for the plaintiff. But if you find that there was no stream or water course; that before the supposed stream reached the railroad track it lost its channel and spread out in different directions, ceased to be a stream or water course, you should find for the defendant.

6. If you find from the evidence that the plaintiff's lands were low and wet, or any part of them, this fact should be taken into consideration, and in estimating the extent of the injury caused by the alleged turning and diversion of the said stream, you should have regard to the actual and natural condition of his lands, and allow damages only for the injury caused by the water so turned upon them from said stream; neither should you allow for injury caused by the collection of surface water into ditches, or by stopping and turning surface water upon plaintiff's lands.

7. If the railroad company obstructed the channel of a water course, as alleged, it was the duty of the company to make sufficient ditches and passages to conduct the water away, and prevent it from injuring the plaintiff by running upon his lands. And if the company failed to do so, it is liable in damages for any injury caused to plaintiff by the water so diverted. But if the company failed to make sufficient ditches and passages to convey the water from

said stream away without injuring plaintiff, it was the duty of the plaintiff to use all reasonable means to avert and avoid injury from such water by the construction of ditches and levees himself within a reasonable time, provided the same could be done at a reasonable amount of labor and expense, and if he failed and neglected to so protect himself, he cannot recover for damages which he might have reasonably averted. He might recover damages which accrued to him before he could have protected himself and averted the injury at a comparatively small expense, and nothing more.

If the jury believe from the evidence that the water which floods the lands of the plaintiff which lie west of the road-bed in the northeast quarter of section 27, have to pass through the cattle guards in the road-bed before flooding the land in that quarter section, and that the cattle guards in said road-bed were constructed at the request of the plaintiff, then they will find for the defendant as to all damages done to lands lying west of the road-bed.

We see nothing in the foregoing instructions of which the defendant has a right to complain, and the judgment of the circuit court will, therefore, be affirmed. SHERWOOD, C. J., and HENRY, J., concur; NORTON, J., concurs in the result; NAPTON, J., absent.