WESTLICHE POST ASSOCIATION, Respondent, v. W. R. ALLEN ET AL., Appellants.

(St. Louis Court of Appeals, May 17, 1887.

1. MUNICIPAL CORPORATIONS—ST. LOUIS—CONTROL OVER STREETS. The city of St. Louis may subject the surface of, and the space below, a street to all the legitimate uses of a street, regardless of whether the fee therein is in an abutting land owner.

2. ——— The piling of paving material upon the sidewalk, prior to reconstructing a street, is a use of the street by the city of which an abutting land owner can not complain.

3. ——,— NEGLIGENCE—CASE ADJUDGED.—Evidence that an undue proportion of paving material was thrown upon the sidewalk of an abutting property owner, in a careless and negligent manner, and that the contractors who had in charge the reconstruction of the street had reason to know that an injury would thereby be caused to the sidewalk, and could, without material inconvenience to themselves, have avoided the injury, is substantial evidence warranting a recovery, and a verdict for the plaintiff will not be disturbed on the ground of a failure of proof.

APPEAL from the St. Louis Circuit Court, W. H. HORNER, Judge.

*Affirmed.*

LEONARD WILCOX, for the appellants: The instructions for non-suit and instruction numbered seven should have been given. City Charter, art 6, sect. 18; 2 Rev. Stat, 1608; Rev. Ord. 1881, sects. 1 and 3, p. 529; *Partridge v. Gilbert*, 15 N. Y. 612; *Keokuk v. Keokuk*, 53 Iowa, 354; *Oliver v. Kansas City*, 69 Mo. 79, 83; *Julia Building Ass'n v. Bell Tel. Co.*, 88 Mo. 271-2; 23 Mo. App. 477, 481; *Werth v. Springfield*, 78 Mo. 108, 111. The use made of the sidewalk by the defendants was a lawful and reasonably necessary use thereof. *Clark v. Fry*, 8 Ohio St. 373-4; Angell on Highways

(3 Ed.) sects. 241, 312 ; Dillon on Mun. Corp. (3 Ed.) sects. 688, 699. And the plaintiff's alleged damage was *damnum absque injuria.* Wood on Nuisance, sect. 880, p. 1014; Washburn on Easements (4 Ed.) sect. 433, p. 585 ; *Thurston v. Hancock,* 12 Mass. 236 (side p. 229 ). It was the duty of the plaintiff, whether the construction of the vault was lawful or otherwise, so to cover it that the sidewalk would be as fit and safe for every proper public use as if it had not encroached on the street. *Julia Building Ass'n v. Bell Tel. Co.,* 88 Mo. 271-2 ; Dillon on Mun. Corp. (3 Ed.) sect. 1032 : *Pontiac v. Carter,* 32 Mich. 165, 171 ; *Partridge v. Gilbert,* 15 N. Y. 612. Taking the plaintiff's evidence as true, it appears that it knew, before the blocks were placed on the sidewalk, that the vault covering was insufficient to support the weight of the blocks ; it was, therefore, its duty to guard against the injury threatened, which, it admits, it did not do. *Douglass v. Stephens,* 18 Mo. 366 ; Dill. on Mun. Corp. (3 Ed.) sect. 1044 ; *Stewart v. Clinton,* 79 Mo. 614 ; *Partridge v. Gilbert,* 15 N. Y. 612 ; *Munkres v. Railroad,* 72 Mo. 514 ; *Pontiac v. Carter,* 32 Mich. 171 ; *Harrison v. Railroad,* 88 Mo. 627.

Paul F. Coste, for the respondent: The plaintiff had a property in the paving material, constituting the sidewalk in front of its premises, and laid at its own expense ; for the reasons, that it had already paid for it, and was bound to maintain it in good order, at its own expense, under Revised Ordinances, 1881, chapter 15, article 1, section 3, and chapter 15, article 5, section 3. *Muzzy v. Davis,* 54 Me. 361 ; 2 Waterman on Trespass, 41. The question of title to the street does not affect the right to recover in this case. It is unnecessary to cite authorities on this point, as the plat referred to, has already been before this court in the case of *Julia Building Ass'n v. Bell Telephone Co.* ( 23 Mo. App. 481). *Julia Building Ass'n v. Bell Telephone Co.,* 88 Mo. 271.

THOMPSON, J., delivered the opinion of the court.

The plaintiff, a corporation, and the owner of a lot situated on the corner of Broadway and Market streets in the city of St. Louis, complains of the defendants, who were contractors for reconstructing the street fronting the plaintiff's premises, of so negligently piling granite blocks on certain flagging stones of the sidewalk, as to crack and otherwise injure them, to the plaintiff's damage, in the sum of $464.10.

The defendant's answer avers, in substance, that the *locus in quo* is a part of a street of the city of St. Louis, duly dedicated; that the plaintiff, and those under whom the plaintiff claims, had made an excavation under the public sidewalk of said street, without lawful authority from the city, and failed to provide sufficient support for the flagging covering it, for the lawful uses of said street; that the defendants were contractors with the city for reconstructing the street with granite blocks; that their contract with the city provided, among other things, the following :

"On the day designated by the street commissioner for the commencement of said work, at any point or points, on the line thereof, the contractors shall, before disturbing or making any alteration in the present roadway, haul upon the line of the work, at each of said points, a sufficient quantity of stone blocks for the paving of at least the space between any two intersecting streets. * * * The contractor will * * * be required to pile such stones as may have been approved, neatly on the front of the sidewalk, and not within three feet of any fire hydrant, and in such manner as will preserve a sufficient passageway on the line of the sidewalks, and, also, permit of free access from the roadway to each house on the line of the street. After this inspection has been made, and after all the rejected stones have been removed entirely from the line of the work, and the accepted stones piled in the manner aforesaid, and not

until each of these conditions shall have been faithfully fulfilled, will the contractor be permitted to proceed with the preparation of the roadway, for the new pavement."

The defendants further aver that the use of the street and sidewalk mentioned in the foregoing provision of the contract, was a lawful use thereof by the city, and the defendants, under the city ; that they pursued it strictly, and with care ; that they had no notice of the insufficient support of said sidewalk flagging, while the plaintiff had notice of the beginning of the work, under the defendants' contract with the city ; that if any injury was caused to the plaintiff, it was due and owing to the fact that the flagging was insufficient to support the rock, which might be, and was, lawfully piled upon it, in the necessary and lawful use of the street, and not to any negligence on the defendants' part in piling said rock.

The plaintiff, in its reply, denies that the granite blocks, mentioned in the answer, were properly piled and distributed on the sidewalk, and asserts that an undue proportion of the blocks was placed on the plaintiff's sidewalk, and that the same were negligently cast and thrown there by the defendants with great force and violence, and denies that they were piled there, either by the direction of the street commissioner, or in obedience to the provisions of the contract.

The plaintiff, also, denies that the piling of said blocks upon said sidewalk, in said manner, was a lawful use of said sidewalk, and asserts that the defendants had full notice of the existence of the vault under the sidewalk, and of the manner in which the vault was arched, and of the manner in which said sidewalk was supported, and of the weight which said sidewalk could bear, and the plaintiff asserts that said sidewalk had sufficient support for all the lawful uses thereof.

The trial was had before the court, sitting as a jury, and resulted in a judgment for the plaintiff, from which the defendants appeal.

Some stress is laid on the fact, by the petition, and by an instruction, given on behalf of the plaintiff by the court, that the plaintiff was owner of the land, covered by the street, in fee. This fact, in itself, is of very little importance, except in so far as it bears upon the lawfulness of the plaintiff's vault beneath the sidewalk. The evidence, as well as the defendants' instructions, substantially concede the lawfulness of that occupancy. That, of itself, in no way affects the rights of the city to use either the surface, or the underlying portion of the street, for any lawful purpose for which a street may be used.

In the case of *Julia Building Association v. Bell Telephone Company* (88 Mo. 267), Judge Norton, in delivering the opinion of the majority of the court, says : "Where one claims land as being part of a street adjoining the premises described in his deed, he can not, also, insist that the land is not subject to a servitude as such street. It is only by assuming that it is a street, that he acquires any title to the land thereon, and, being part of a street, his title is subject to the easement over it." It was, in that case, accordingly held, that, where one, being the owner of the fee of the street, lawfully excavates the space under the sidewalk, and builds retaining walls under it for the purpose of protecting his vaults, the city may subject the space thus occupied by him, within the boundaries of the street, to other purposes of a highway, without compensation, even if, by so doing, it materially injures his retaining walls, the court, per Norton, J., saying : "The stone wall, in question, erected by the plaintiff to supply the place of the earth removed, sustains the same relation to the street, and the right of the public to use it, that the earth itself would have sustained had it never been removed."

The testimony adduced by the plaintiff tended to show that the vault underneath the sidewalk was used for a boiler room, which fact was made manifest to passers by, by the fact that the flagging in winter was

warm, and the snow falling upon it would rapidly melt and evaporate ; that several man-holes were cut through the flagging, covered with framed plate glass, for the transmission of light; that the place was opposite the court house, and one of the most frequented in the city ; that the defendants are old residents ; that their office was within a few blocks, and that they had occasion to pass the place frequently. In fact, the inference is strong, if not unavoidable, that the defendants had good reason to know of the existence of the vault and its extent.

The testimony further tended to show, that the flagging stones were of usual dimensions, about eight inches thick and fifteen feet long ; that they rested securely on either end, but had no center or cross-supports ; that this is a usual way for constructing such sidewalks, and such construction is deemed sufficiently strong for all the ordinary uses of the walk ; that the plaintiff had no notice of the quantity of rock the defendants intended to pile upon the walk, but, when the defendants had piled a certain quantity, notified men in their employ that the flagging would not be strong enough to support it ; that, shortly afterwards, it was ascertained that one or more of the flag stones was cracked, whereupon the defendants removed part of the blocks, stored on the sidewalk, to the opposite side of the street.

There was, also, some evidence tending to show that the men, in unloading the blocks, at times, threw them violently from the wagon on the flagging, and that the amount of granite blocks piled on the sidewalk was greater than that piled on the portions of the sidewalk on either side of the street, between Market and Walnut streets, where the property is situated.

The defendants gave evidence tending to show that no more, and, if anything, less, than the proper quota of the granite blocks were piled on this sidewalk, and that they were piled in a usual and careful manner ; that the defendants had no notice of any danger to the se-

curity of the flagging until they were notified that one or more of the flag stones had cracked, when they at once removed a portion of the rock. The defendants, however, gave no evidence showing that the piling of the rock on the sidewalk was done by direction of the street commissioner, or any officer or agent of the city, any further than that it appeared that the officials of the city, in charge of the work, knew of the manner of piling and did not object. There was evidence fairly warranting the finding as to the *quantum* of damages.

The court, upon the plaintiff's request, charged the jury as follows:

"2. If the court finds that the title of the city of St. Louis to that portion of Broadway, opposite the premises described in the petition, and adjoining the same, is derived from the dedication of August Chouteau, read in evidence; and if it further finds that the plaintiff is owner in fee of the property described in the petition, and holds the same by a title derived by deeds from the said Chouteau, then the plaintiff had a right to excavate under the said sidewalk in such manner as it saw fit, provided, however, it left a good and sufficient covering or arch over the said excavation, secure and useful for all purposes of a street or pavement, and provided, that the said excavation did not in any manner interfere with the use by the public of the said street and sidewalk; and if the court finds that, after making the said excavation, the plaintiff did cover the same securely, and in the manner hereinbefore specified, at its own expense, and that the same, at the dates mentioned in the petition, was secured, and was sufficient for all public uses, and that the defendants piled granite blocks upon the said archway covering negligently, and unskillfully, and carelessly, and in such quantities; and with such violence, as to break and destroy the aforesaid sidewalk or vault covering; and if the court further finds that, thereafter, the plaintiff repaired the same at its own expense and restored it to the condition in which it was before it was

broken, then the finding and judgment will be for the plaintiff in such sum as the court may find, from the evidence, the said repairs were reasonably worth, and against the defendants, Allen and Vieths.''

And gave the following declarations of law at the request of the defendants, in substance :

1.    That if no more paving blocks were piled on the sidewalk in front of the plaintiff's premises than its proportionate share of the quantity necessary for the work between Market and Walnut streets, then the plaintiff can not recover, even if certain stones composing the covering of the excavation adjoining their premises were broken by reason of the said paving blocks being put there, provided the court finds they were broken by the mere pressure of the weight of the said blocks, and not by the manner of casting and putting them on the sidewalk.

2.    If the plaintiff, through its business manager, Mr. Hoeffer, knew that granite paving blocks were about to be piled on the sidewalk in front of their premises, to be used in reconstructing Broadway, and that the sidewalk covering was not sufficiently strong to support the weight of the blocks, and if the court finds, that, by reasonable exertion and at a trifling expense, the plaintiff could have propped up the covering underneath and prevented the alleged damage, and that it did not do so, then the judgment must be for the defendants.

The complaint made by the defendants is, that there was no substantial evidence to support the plaintiff's instruction, and that, under the evidence offered, and the instructions given on behalf of the defendants, the verdict should have been for the defendants as a mere conclusion of law.

That the evidence preponderates in favor of the defendants may readily be conceded ; that, however, of itself, will not warrant us to disturb the verdict. There is, unquestionably, some evidence that the breaking of

the flags was due, in part, to the careless manner in which the granite blocks were thrown upon the walk, and that part of the walk was made to bear more than its proportionate share. It is fairly inferable, from all the testimony, that the defendants knew, or, by the exercise of the most ordinary care, might have known, of the existence of the vault under the entire sidewalk. That they might have piled a greater portion of the blocks on the walk of the opposite side of the street, which appears to have been mostly solid, in the first instance, would seem to result from the fact, appearing in evidence, that, as soon as they became aware of the injury to the flagging, they did thus remove and pile the blocks there, and it nowhere appears that they were subjected to any material inconvenience thereby.

It is, unquestionably, true, that if the plaintiff could have prevented the injury at a trifling expense, and by reasonable exertion, it was its duty to do so, no matter who was originally in fault. *Stewart v. City of Clinton*, 79 Mo. 614; *Munkres v. Railroad*, 72 Mo. 514. And the court properly thus declared the law. But it does not follow that, under the evidence, the plaintiff is precluded from recovering on that ground. It nowhere appears that it was informed, nor does it conclusively appear that it had reason to know, the quantity of blocks, and their weight, which the defendants intended to pile upon the flagging, or that it had any reason to suppose that the flagging would not bear its proportion; nor does it conclusively appear that the flagging was not made to bear more than its proper proportion of the weight. Before the plaintiff can be debarred from recovery on that ground, as a matter of law, its conduct must have been such as would debar it on the ground of contributory negligence; that is, its contributory negligence must be an unavoidable inference from the testimony. Such was not the case in this instance.

As the law declared by the court was proper, and

as there was substantial evidence, warranting the plaintiff's recovery under the law, thus declared as applicable to the facts shown, we are not authorized, under rules governing appellate procedures, to vacate the verdict.

The judgment is affirmed. Thompson, J., concurs; Lewis, P. J., is absent.