## CROWFOOT *v.* ZINK.

VENDOR AND PURCHASER.—Suit by A against B on a promissory note. Answer, that the note was given for the last payment due upon a purchase of real estate, which was conveyed with full covenants of warranty by A to B; that there yet remained some purchase money due from A to his vendor, for which the latter claimed a lien on the land, and that A had

removed from the county, and defendant did not know of any property belonging to him out of which the debt could be made. Prayer that A be restrained from collecting the note sued on until, &c.

*Held,* that as the answer did not aver that A was insolvent, or that he had left the State, no cause was shown for restraining the collection of the note sued on.

APPEAL from the *Washington* Circuit Court.

RAY, J.—The appellant brought suit upon a note executed to him by the appellee. The second paragraph of the answer alleged that the consideration of the note was the last payment to be made upon certain real estate, conveyed with full covenants by the appellant to the appellee; that said real estate had been purchased by the appellant from one *Allen,* and that certain notes had been executed to *Allen* in part payment for said property, which notes were not yet due, and the existence of which was concealed by the appellant from the appellee; that *Allen* had notified the appellee that he claimed a vendor's lien upon the property; that said appellant had removed from the county, and the appellee did not know of any property belonging to the appellant from which the amount of the debt due to *Allen* could be made, and he therefore asked an injunction restraining the collection of said notes until he was indemnified against the vendor's lien claimed by *Allen.* A demurrer to this answer was overruled. This was error. There was no cause shown requiring the interposition of the court to restrain the collection of the claim. It was not averred that the appellant had removed out of the State; nor was it alleged that he was insolvent, or that he had not left sufficient property, within the jurisdiction of the court, to satisfy any judgment that might be obtained against him upon the notes held by *Allen,* when they became due. There is no averment that the appellant was not fully able to respond in damages to the appellee for any breach of the covenants contained in his deed. The ignorance of the appellee upon these matters would not sustain an action by *Allen* to enforce a vendor's lien upon the land, nor would

such want of knowledge authorize the court to remit the appellee from his action upon the covenants of the appellee, when damage actually accrued to him from their breach.

A reply was filed and a trial had, resulting in a judgment for the appellee. The evidence does not supply the defects in the answer, but shows that the appellant had in fact property to meet the indebtedness alleged.

The judgment is reversed, with costs, and the cause remanded, with directions to the court below to sustain the demurrer to the second paragraph of the answer.

*J. Collins, T. L. Collins, A. M. Black* and *F. Wilson,* for appellant.

*H. Heffren,* for appellee.