CROWFOOT *v.* ZINK.

PRACTICE.—*Assignment of Error.—New Trial.*—If the court trying a cause overrules a motion for a new trial and the moving party excepts, the questions arising on the causes set out in the motion are saved for the consideration of the Supreme Court; and the assignment as error, that the court below improperly overruled the motion, presents all those questions to the appellate court; but the assignment of the *causes* as error is not the proper mode of raising any question embraced in the motion.

VENDOR AND PURCHASER.—— *Vendor's Lien.—Pleading.*—Suit by A. against B.
on a promissory note. Answer, that the note was executed in part pay-
ment for certain land sold and conveyed by deed with full covenants by A.
to B.; that A. had purchased the land of C., giving in part payment his two.
notes, which were due and unpaid; that before commencement of this
action C. had notified B. that he held a vendor's lien on the land, which he
intended to enforce; that C. had sued and obtained judgment on one of said
two notes, and an execution issued on the judgment had been returned
*nulla bona;* that at the time of conveyance by A. to B., the latter was igno-
rant of C.'s lien, the existence of which A. falsely and fraudulently con-
cealed; that A. had sold all his real estate, had left the State, and was not
a resident thereof; that defendant was informed and believed that plaintiff
was wholly insolvent; that he had not left sufficient property within the juris-
diction of the court to satisfy any judgment which C. had obtained or might
obtain against him, or any part thereof; that A. was not fully able to re-
spond in damages to B. for any breach of the covenants in his deed; that B.
was, and always had been, willing to pay the note in suit, and then paid
the money into court. Prayer, that before the money should be paid over
B. might be indemnified, &c. Judgment against B., and the clerk enjoined
from paying the money to A. until, &c.

*Held,* that the answer was sufficient to entitle the defendant to the relief
awarded him, independent of the averment on information and belief of the
plaintiff's insolvency.

*Held,* also, that it was not necessary to set out, as part of the answer, a copy
of C.'s judgment, or of the notes executed by A. to C.

*Held,* also, that C. had a right to pursue his remedy on the notes without
waiving his lien.

APPEAL from the Washington Circuit Court.

GREGORY, J.—This case is here for the second time. See
*Crowfoot* v. *Zink,* 26 Ind. 187.

The defendant, after the reversal, amended his answer.
A demurrer was overruled to the second paragraph of the
amended answer, and this presents the only question prop-
erly before this court.

The overruling the motion for a new trial is not assigned
for error. It has been repeatedly held by this court, that
the assignment of the cause for a new trial in the court be-
low as error here, is not the proper mode to raise any ques-
tion embraced in the motion. The statute provides that
a motion for a new trial may be based upon certain
specified causes. If the court trying the cause overrules the

motion, and the moving party excepts, the questions arising on those causes are saved for the consideration of this court; and the assignment for error here, that the court below improperly overruled the motion, presents all that is embraced in it.

The second paragraph of the answer alleged, that the note sued on was executed in part payment of a certain tract of land purchased by Zink of Crowfoot; that the latter conveyed to the former the land by deed with full covenants; that Crowfoot purchased the land of one Allen, and in part payment therefor executed to Allen two promissory notes, one for nine hundred and fourteen dollars and sixty-five cents, the other for nine hundred and thirteen dollars and sixty-three cents; that Allen's notes were due and unpaid, and that before the commencement of this action, Allen notified Zink that he held a vendor's lien on the land, and intended to enforce it; that Allen had sued on one of the notes and obtained judgment thereon; that he had execution issued on the judgment and returned *nulla bona*; that at the time of the conveyance from Crowfoot to Zink, the latter was wholly ignorant of the existence of the lien; that Crowfoot falsely and fraudulently concealed the existence of Allen's lien; that Crowfoot has sold all his real estate, has left the State, and is not a resident thereof; that the defendant is informed and believes that Crowfoot is wholly insolvent; that he has not left sufficient property within the jurisdiction of the court to satisfy any judgment which Allen has or may obtain against him, or any part thereof; that the plaintiff was not fully able to respond in damages to defendant for any breach of his covenants in his deed; that the defendant was, and always had been, ready and willing to pay the notes, and then paid the money into court. Prayer, that before the money should be paid over, the defendant might be indemnified against Allen's lien, and for general relief.

The objections made to this paragraph of the answer are, first, that the insolvency of the appellant is averred on in-

formation and belief; second, that it fails to set out a copy of the judgment of Allen against Crowfoot or of Allen's notes; third, it is claimed, that Allen's lien is merged in his judgment, and having failed in his action against Crowfoot to assert his lien, he has abandoned it. There are positive allegations enough in the answer, independent of that of insolvency, to make it good. The non-residence of Crowfoot, and his inability to answer in damages for the breach of the covenants in his deed to Zink, were sufficient to entitle the latter to the relief awarded to him by the court below.

Allen's notes and his judgment against Crowfoot were not the foundation of the answer. They did not belong to, nor were they under the control of, the appellee. It was not, under the code, necessary to make copies of them parts of the answer. Allen had a right to pursue his remedy on the notes, without waiving his vendor's lien.

The court committed no error in overruling the demurrer.

The court gave judgment against the appellee for the amount of the note sued on, and enjoined the clerk from paying over the money to the appellant until he indemnified the defendant against Allen's lien. This was substantial justice.

The judgment is affirmed, with costs.

*J. Collins, T. L. Collins,* and *F. Wilson,* for appellant.

*H. Heffren,* for appellee.