FERRENBURG ET AL. *v.* THE STUDABAKER TURNPIKE COM-
PANY ET AL.

PRACTICE.—*Assignment of Error.*—The assignment of the reasons for a new
trial as error presents no question in the Supreme Court. The overruling of
the motion for a new trial should be assigned, simply. ·

APPEAL from the Delaware Circuit Court.

DOWNEY, J.—This action was brought by the appellants to enjoin the collection of certain assessments of benefits resulting to their lands from the construction of the road of said turnpike company. The county treasurer, who was about to collect the assessments, was made a defendant with the company. The defendants pleaded the general denial, making an issue of fact, which was tried by the court, and there was a finding for the defendants. They moved for a new trial, for various reasons, which need not be more particularly noticed, and their motion was overruled. They excepted, and by a bill of exceptions put the evidence in the record.

Having appealed to this court, they here assign errors, as follows: "The appellants say there is manifest error in the above judgment and proceedings, in this, to wit: ·

"First, the circuit court found for the defendants, and against the prayer of the plaintiffs, and ordered that the temporary restraining order should be dissolved, when the finding upon the evidence.should have been for the plaintiffs, and the restraining order made perpetual.

"Second, the court erred in allowing the defendants, under the general denial pleaded, to introduce the testimony of Isaac Shidler and John Roger, over the objections of plaintiffs, to prove facts tending to constitute an estoppel.

"Third, the court erred in permitting the defendants to prove by parol evidence the time of the meeting of the assessors to make the assessments, over the objection of plaintiffs.

"Fourth, the court erred in permitting defendants to introduce in evidence, over plaintiffs' objection, the record of the commissioners' court, at its June term, 1867, making appoint-

ment of assessors for the assessment of benefits on said road.

"Fifth, the court erred in permitting the defendants to introduce John Shidler to testify, over plaintiffs' objection, as to plaintiffs living on the line of the road, and having a knowledge of the assessments against them, and as to statements made by plaintiffs.

"Sixth, the court erred in permitting defendants to introduce John Roger to testify, over plaintiffs' objection as to statements and agreements of plaintiffs as to compromise."

It has been a cause of regret to us that so many cases which are brought to this court, on which, frequently, much labor has been bestowed in their preparation, and in some of which error plainly appears, must be disposed of without our being able to reach the merits of the controversy. We have set out in full the assignment of errors in this case, for the purpose of showing how, in many cases, this occurs. In order to bring before us all the questions presented in the motion for a new trial, it was simply necessary for the appellants to say, in the assignment of errors, that the court erred in overruling the motion for a new trial. Instead, however, of doing that, the appellants have, in the assignment, set forth certain reasons for which, if well founded, the court might have granted a new trial, but which present to this court no question whatever. *The Bellefontaine, etc., Railway Co.* v. *Reed,* 33 Ind. 476; *Lingerman* v. *Nave,* 31 Ind. 222; *Crowfoot* v. *Zink,* 30 Ind. 446.

The judgment is affirmed, with costs.

*T. S. Waterhouse* and *J. W. Ryan,* for appellants.

*C. E. Shipley* and *W. Brotherton,* for appellees.