Moore v. Sargent.

No. 12,583.

## MOORE v. SARGENT.

MORTGAGE.—*Series of Notes.—Default in Payment.— Stipulation that Whole Debt Becomes Due.— Waiver.*—Where a mortgage given to secure notes maturing at different times provides that upon the failure of the mortgagor to pay the first note at maturity the others shall become due, no election on the part of the creditor being stipulated for, the latter, by merely accepting the amount of the first note after default, does not thereby waive his right to treat the whole debt as due.

PLEADING.—*Abatement.—Premature Bringing of Action.—Practice.*—Matter tending to show that an action has been prematurely brought is only available by plea in abatement, and if pleaded with defences in bar without verification may be stricken out or held bad on demurrer.

PRACTICE.—*Calling Case for Trial.*—Calling a case for trial is an announcement or declaration by the court that it has been reached in its order, and that a judicial examination of the issues upon which the decision of the case depends is about to begin.

CHANGE OF VENUE.—*Rule of Court.*—Where a rule of the trial court requires applications for changes of venue to be presented before the case is "called for trial," and on appeal the record shows that an affidavit for a change of judge was filed the day before the day set for trial, and nothing more, the denial of the application is erroneous.

From the Allen Superior Court.

*R. S. Robertson*, for appellant.

*W. G. Colerick*, for appellee.

MITCHELL, C. J.—Louisa A. Moore executed a mortgage on certain real estate to secure two notes payable to William Sargent, Jr., one for $600, payable on June 1st, 1884, the other for $800, due in three years from date. The notes and mortgage bore date the 21st of April, 1884, and were given to secure deferred payments of purchase-money. The mortgage contained a stipulation, therein written, to the effect, that if the mortgagor failed to pay either of the notes, or any part thereof, at maturity, the entire debt should at once become due and collectible. In a complaint filed May 11th, 1885, to foreclose the mortgage, it was alleged that the first

note, which fell due June 1st, 1884, had been paid, but that payment thereof had not been made until the 4th day of June, 1884, three days after its maturity, and that, in consequence of the failure to pay at maturity, the second note had fallen due pursuant to the stipulation written in the mortgage.

It is contended on appellant's behalf that, by accepting payment of the amount due on the first note after it had matured, without giving notice of his intention to insist upon the stipulation in the mortgage, the appellee waived his right to treat the whole debt as due. Hence, the argument proceeds, since it affirmatively appears by the averments in the complaint that payment of the first note had been accepted before suit brought, the conclusion follows that no part of the debt remaining unpaid was due, and that it was, therefore, error to overrule the appellant's demurrer to the complaint. This position can not be maintained. The provision in the mortgage for accelerating the time when the whole debt should become due and collectible did not make the maturity of the debt evidenced by the second note depend upon the election of the mortgagee. The second note became absolutely due upon failure to pay the first note at maturity. According to the terms of the contract, upon the happening of that event, the whole debt became as effectually and absolutely due as if further credit had not been, in any contingency, agreed upon. The mortgagor had then the right to pay or tender the whole debt, and by that means suspend the accumulation of interest. The acceptance of a part by the mortgagee did not defeat the right of the mortgagor to pay or tender the balance at once, nor did it, without a new agreement, extend the time or prevent the former from enforcing payment of what remained unpaid.

Provisions such as that under consideration are not in the nature of penalties, nor have they anything in common with forfeitures, but are to be regarded as nothing more than agreements between the parties, fixing the time and the con-

ditions upon which the whole debt may become due.   Such
an agreement may be as advantageous to the payor as to the
payee.   *Buchanan* v. *Berkshire L. Ins. Co.*, 96 Ind. 510;
*Malcolm* v. *Allen*, 49 N. Y. 448; 1 Pom. Eq. Jur., section
439; 2 Jones Mortg., section 1186.

Under a provision which gives the creditor the exclusive
right to elect, within a time fixed, whether or not he will
treat the whole debt as due in case the debtor makes default
in paying interest, it may well be that the unconditional ac-
ceptance of interest by the creditor, after the expiration of
the time, without notice of the election, would waive the de-
fault.   2 Jones Mortg., section 1186.   Or if the default was
induced by the fraudulent or inequitable conduct of the cred-
itor, or by any agreement or promise upon which the debtor
might rely which operated to mislead or throw the debtor off
his guard, a court of equity would interfere to stay proceed-
ings, or the action might be abated upon the facts being
properly pleaded.   *Sire* v. *Wightman*, 25 N. J. Eq. 102;
*Wilson* v. *Bird*, 28 N. J. Eq. 352; *Bell* v. *Romaine*, 30 N.
J. Eq. 24; *Tompkins* v. *Tompkins*, 21 N. J. Eq. 338; *Noyes*
v. *Clark*, 7 Paige, 179; *Bennett* v. *Stevenson*, 53 N. Y. 508;
*Wilcox* v. *Allen*, 36 Mich. 160; 1 Pom. Eq. Jur., section 439.

As nothing appears in the complaint except that the ap-
pellant failed to pay the first note at maturity, presumptively
the whole debt then became due, and the acceptance by the
creditor of a part did not, without more, affect his right to
enforce the condition in the mortgage.

The next objection to the complaint is that there is a vari-
ance between the note as it is described in the mortgage and
the copy exhibited with the complaint.

The only variance pointed out is that the mortgage de-
scribes the note as bearing interest " payable annually," while
in the note exhibited those words are omitted.   There is no
merit in this objection.

With the general denial the defendant filed a second para-
graph of answer, in which matter tending to show an excuse

for not paying the first note at maturity, by reason of an agreement on the part of plaintiff to extend the time, is alleged.

The matter thus pleaded tended to show that the action was prematurely brought, and, if available for any purpose, it was not available by plea in bar. It went in abatement of the action, and having been pleaded in bar without verification the plea might have been, with propriety, stricken out. Section 365, R. S. 1881. As, however, an equivalent result was reached by sustaining a demurrer to it, no available error was committed. *Glidden* v. *Henry*, 104 Ind. 278; *Dwiggins* v. *Clark*, 94 Ind. 49; *Hayne* v. *Fisher*, 68 Ind. 158; 1 Works Pr., section 570.

Pleas in bar are addressed to the merits of the claim, and go to impair or defeat the action altogether; whereas pleas in abatement tend merely to defeat or suspend the suit for the time being. The plea under consideration was of the latter class, and was, therefore, not properly pleaded with defences in bar.

A different question would have been presented if the demurrer had been overruled. The case would then have been within the ruling in *State, ex rel.,* v. *Ruhlman*, 111 Ind. 17.

A bill of exceptions shows that on the 16th day of July, 1885, the parties, by agreement entered of record, caused the case to be set down for trial on the ensuing 21st day of July. On the 20th day of July the appellant filed an affidavit in compliance with the statute, and moved the court for a change of judge.

This motion was overruled. A rule of court embodied in the bill requires affidavits for changes of venue to be presented, when it is practicable, before the case is " called for trial." There is nothing in the bill to indicate that the case had been called for trial, except as above shown, and the record shows that the case was not in fact tried until the 25th day of July.

Conceding, so far as the decision of this case requires, the

propriety of the rule requiring applications for changes of venue to be made before the case is called for trial, the application in question does not seem to have been within the prohibition of the rule. It did not follow, because the case had been set for trial by agreement on the 21st of July, that it was also called for trial on the 20th. It follows rather that it could not have been so called before the day on which the trial was set, except by the mutual agreement of parties.

Setting a case for trial is an entry or order made in the cause by the court, either of its own motion, in regulating its business in compliance with the statute, or the rules of court made conformably therewith, or by agreement of parties, by which a day certain is fixed, on or after which the case may be called for final disposition or trial. Calling a case for trial is an announcement or declaration by the court that the cause has been reached in its order, and that the judicial examination of the issues of law or fact upon which the decision of the cause depends is about to begin.

The bill of exceptions does not show that the case had been called for trial, and, within the rule of the court above referred to, the statutory right of the appellant to move for a change of judge should have been entertained when the proper affidavit was presented. 2 Works Pr., section 1269; *Shoemaker* v. *Smith,* 74 Ind. 71; *Krutz* v. *Howard,* 70 Ind. 174.

Judgment reversed, with costs.

Filed Dec. 6, 1887.