Spencer *v.* Spencer.

Filed Jan. 31, 1894.

———————◆———————

No. 16,562.

SPENCER *v.* SPENCER.

SUPREME COURT PRACTICE.—*Complaint, Sufficiency, How Determined.—Evidence.—Argument of Counsel.*—The court can not look to the evidence to determine the sufficiency of the complaint, nor accept as argument against the sufficiency of the complaint the mere abstract conclusion of counsel, however well founded, if unsupported by any reference to facts the omission of which constitutes the insufficiency.

SAME.—*Failure to File Brief in Time Limited.*—The penalty for failure to file any brief within the time limited by the rules of the Supreme Court, is the dismissal of the appeal, and not a refusal to consider questions presented when the appeal is entertained.

CHANGE OF VENUE.—*Limitation by Court Rule.—Discovery of Cause After Time Limited.—Diligence.*—Where an application for a change of venue on account of prejudice against, or odium attaching to, the applicant, is made after the time limited by court rule, the change should be granted where the cause was not discovered until after the time limited, and diligence on the part of the applicant to discover such cause need not be alleged.

From the White Circuit Court.

*E. B. Sellers, W. E. Uhl, W. Guthrie* and *W. S. Bushnell*, for appellant.

*T. F. Palmer* and *C. C. Spencer*, for appellee.

HACKNEY, J.—This appeal is from a decree granting to the appellee a divorce and alimony.

The first error assigned relates to the sufficiency of the appellee's complaint, and the only argument of counsel in support of this assignment is as follows:

"Comparing its allegations with the facts disclosed by the evidence in the record would lead one to suspect that the pleader had imbibed his inspiration while hobnobbing with Dame Rumor. It is a gossip's story of domestic infelicity, narrated with garrulous perspicuity. Bereft of its fiction, the modest and unassuming facts remaining would cut but a sorry figure as grounds for a divorce."

We can not look to the evidence to determine the sufficiency of the complaint, nor can we accept as argument the mere abstract conclusion of counsel, however well founded, if unsupported by any reference to the facts the omission of which constitutes the insufficiency. We will, therefore, treat this assignment as waived.

An application for a change of the venue from the White Circuit Court was made by the appellant and refused by the court, with exception taken and properly presented for review.

Appellant's affidavit in support of said application contained the following:

"The defendant, William Spencer, being duly sworn, upon his oath, says that he believes that he can not have a fair and impartial trial in the above entitled cause in White county, Indiana, for the reason that an odium attaches to the applicant on account of local prejudice; that at the time this cause was set down for trial he did not know that said odium attached to the applicant on

account of local prejudice; that the same has come to his knowledge since that date; that he was first informed of said odium by his attorneys, Messrs. Sellers & Guthrie, within the last four days; that after the employment of his attorneys herein, and on the same day on which they were so employed by him, this cause was set down for trial by the court. And this affiant had no opportunity to consult with his attorneys with reference to the place where this cause should be tried or with reference to any odium or prejudice against him existing in said county before this cause was set down for trial, and his attorneys had no opportunity to investigate and ascertain whether or not such odium existed until after the cause was set down as aforesaid, nor had he consulted with his attorneys, nor had any opportunity to consult with them with reference to any of his rights in this case before the cause was set down for trial.''

At the time of the making of said application for a change of venue, the court had in force a rule in the following words:

''No affidavit for a change of venue of any cause from judge or county shall be entertained unless the same be filed on or before the cause is assigned for trial, unless the affidavit discloses some fact affecting such change which shall have come to the knowledge of the party making the affidavit after the time so limited, and in such case the time of obtaining such knowledge and the exercise of due diligence, and the fact on account of which the change is asked shall be particularly stated in the affidavit.''

The bill of exceptions discloses that said application was denied as coming too late under said rule.

In *Ogle* v. *Edwards, Admr.*, 133 Ind. 358, it was held that an application for a change of venue, filed after the time limited by a rule of court for filing the same, could

not be denied when it was made to appear that the applicant's knowledge of the cause for which the change was asked did not come to him until after the expiration of the time so limited by the rule.

It is there further held that there can be no requirement that the applicant shall show that he was diligent to ascertain, before the time limited by the rule, if prejudices existed against him affecting his opportunities for a fair and impartial trial. This decision is of controlling force upon the question before us.

The appellee insists that we should not entertain the error here found for the reason, as urged, that the appellant, in failing to discuss it in his original brief, and in having for the first time urged it in his supplemental brief filed after the expiration of sixty days from the submission of the cause, he has waived it.

The penalty for a failure to file any brief within the time limited by the rules of this court, is the dismissal of the appeal, and not a refusal to consider questions presented when the appeal is entertained. We can not decline to consider a question fairly presented by the record and argued by the appellant, when an opportunity has been given to the appellee to be fully heard upon such question. To do so would give force and effect to an unsubstantial and uninjurious technicality, to the detriment of a litigant in whose appeal there is merit.

There are other questions raised and discussed by counsel, but as they may not arise upon another hearing, we do not consider them.

For the error of the court in overruling the appellant's application for a change of venue, the judgment of the circuit court is reversed, with instructions to sustain said application.

Filed Jan. 24, 1894.