Goodrich v. Stangland.

GOODRICH ET AL. *v.* STANGLAND ET AL.

· [No. 18,632. Filed October 3, 1900.]

APPEAL.—*Assignment of Errors.—Parties.—Designation.—Rules.*—A designation of the parties in an assignment of errors by the initials of their Christian names, though in violation of rule six of the Supreme Court, will not render the assignment fatally defective, where such designation conforms to the names in the pleadings filed by the parties themselves. *pp. 281, 282.*

SAME.—*Term-time Appeal by One of Several Judgment Defendants.—Bond Does Not Inure to Benefit of Others.*—Where one of several judgment defendants took an appeal in term time, and filed bond conditioned to prosecute the appeal, and pay all costs accruing against him, such bond did not inure to the benefit of the others. *pp. 281, 282.*

SAME.—*Appearance.—Parties.*—Though appellees' appearance will operate as a waiver of notice of appeal, it will not cure the omission of the names of the persons who should have been joined as appellants. *p. 282.*

DRAINS.—*Petition.—Notice.*—Where, by the report of the drainage · commissioners on a petition which had been referred to them by the court, it appeared that lands were affected by the drain which were not named in the petition, and the court fixed the time for hearing the report, a notice to the owners of such lands need not, under §5624 Burns 1894, contain a description of the land. *pp. 282, 283.*

SAME.—*Petition.—Drainage of Lakes.*—Where a petition for a drain did not ask for the drainage of lakes, the fact that the proposed route ran through several small natural water basins did not invalidate the proceedings as being for the drainage of lakes. *p. 283.* ·

SAME.—*Petition.—Lateral Drains.*—Where the petition for a drain asked for such lateral or branch drains as might be deemed necessary by the drainage commissioners, the proceedings were not invalidated because the commissioners' report provided for lateral drains not expressly designated in the petition. *pp. 283, 284.*

TRIAL.—*Change of Judge.—Appeal.*—The general rule that the denial of an application for a change of judge cannot be considered on

155 279
159 421

155 279
161 326
162 369
162 370
o162 371

155 279
o163 237

155· 279
f166 260

155 279
169 45
169 278

155 279
171 12
171 88
171 463

Goodrich *v.* Stangland.

appeal, unless it is first presented in a motion for a new trial, is not applicable where the change was sought in an action in which judgment was rendered by default.  *pp. 284, 285.*

TRIAL.—*Change of Judge.*—*Waiver.*—Where a motion to strike out a remonstrance to a proposed drain had been heard and submitted, the remonstrant thereby waived his right to apply for a change of judge.  *p. 285.*

From the Noble Circuit Court.  *Affirmed.*

*B. E. Gates* and *L. W. Welker,* for appellants.
*E. K. Strong* and *H. G. Zimmerman,* for appellees.

DOWLING, J.—This was a proceeding, under the statute, for the drainage of certain lands in Noble and Whitley counties.  The petition was filed in the circuit court of Noble county.  §5623 Burns 1894.  It was properly docketed, and notice was given to the owners and occupants of the several tracts of land, described in the petition, in the manner prescribed by law.  No remonstrance having been filed, and the court deeming the petition sufficient, an order was made referring the same to the drainage commissioners. Such commissioners made their report to the court, from which it appeared that lands were named in said report as affected by the proposed work which were not named in the petition.  The court fixed a time for hearing the report, and the petitioners gave notice to the owners of such lands of the filing of the report, and the date fixed for the hearing.  The appellants entered a special appearance, and moved to set aside the service of the notice on them, and to strike out the notices.  They also filed motions to dismiss the petition, and to strike out the report of the drainage commissioners.  Both motions were overruled.  Appellants next filed their separate remonstrances, and appellees moved to strike the remonstrances from the files.  Pending the latter motion, and after it had been submitted for determination, the appellants asked for a change of judge, and filed affidavits in support of the motion.  The application for a change of judge was denied.  The court struck out the re-

monstrances of the appellants, and rendered judgment agreeably to the provisions of the statute, declaring the proposed work established, approving the assessments as made by the commissioners, and assigning the construction of the work to a disinterested freeholder of the county. After the court had established the said work, the appellants filed a motion in arrest of the judgment, which was overruled. The rulings of the court upon the several motions, with the exceptions thereto, are properly presented by the record.

The assignment of errors calls in question the jurisdiction of the court over the persons of the appellants and the subject of the action, and it denies the validity of the rulings upon the several motions for a change of judge, the striking out of the remonstrances, and in arrest of judgment. Objection is made by appellees that the assignment of errors is defective on account of its failure to set out the full names of the parties, and because it omits the names of some of the persons against whom the judgment was rendered, and the dismissal of the appeal is demanded for these reasons. Only the initials of the Christian names of many of the appellees are given, and this is a violation of rule six of this court, and in most cases is a sufficient cause for the dismissal of the appeal. The following are some of the names by which a portion of the appellees are designated: "S. S. Bonar," "J. R. Young," "A. F. Evans," "C. D. Evans," "A. W. Potts," "J. S. Sterling," "E. W. DePew," "J. H. Kitt," "J. M. Richmond." This method of designating parties has frequently been disapproved by this court, both in civil and criminal cases. In this case, however, as the appellants were named in the assignment of errors, just as they are named in the pleadings filed by them, we think rule six will not render the assignments defective.

In answer to the objection that all of the persons against whom the judgment was rendered are not joined as appel-

lants, it is said by counsel that this was a term-time appeal, and that the omission of the names was expressly authorized by the act of 1895 (Acts 1895, p. 179), §647a Burns Supp.; Ewbank's Manual, §126, note 1. This statement is not borne out by the record. Silas Goodrich, one of the remonstrants, took an appeal in term, and filed an appeal bond as required by the court. But the condition of the bond was that Goodrich would prosecute the appeal, and pay the judgment and costs which might be rendered, or affirmed, against *him*. This bond did not, either in terms, or in legal effect, inure to the benefit of the other judgment defendants. The filing of an appeal bond is an essential step in perfecting a term appeal. §650 Burns 1894; *McKinney* v. *Hartman,* 143 Ind. 224; Ewbank's Manual, §9. As the appellants, other than Goodrich, filed no bond, the appeal as to them was a vacation appeal, and they were required to join all the parties to, and affected by, the judgment. *Abshire* v. *Williamson,* 149 Ind. 248; *Michigan Mutual Ins. Co.* v. *Frankel,* 151 Ind. 534.

The appearance of the appellees operated as a waiver of notice, but it did not cure the omission of the names of the persons who should have been joined as appellants, and named in the assignment of errors. Because of the omission of the names of the persons who should have been joined as appellants, the appeal must be dismissed as to all of the appellants, excepting Silas Goodrich.

The points made on behalf of the appellant Goodrich, are simply questions of practice. Jurisdiction over his person is denied on the ground that the notice served on him by the petitioners did not contain a description of the lands assessed for benefits. In our opinion, the notice was sufficient in form. The statute required that notice should be given to the owners or occupants of lands named in the report of the drainage commissioners, which were not named in the petition, in the same manner as notice was required to be given of the filing and docketing of the petition, and

Goodrich v. Stangland.

that it should state the time for hearing the report. §5624 Burns 1894.

The requisites for the notice of the filing and docketing of the petition were that it should state (1) the route of such drain as described in the petition; (2) the fact of the filing and pendency of the petition, and (3) when the same should be docketed. §5624 Burns 1894.

The statute did not require either the original notice, or the subsequent notice to the owners or occupants of lands named in the report of the commissioners which were not named in the petition, to set forth a description of the lands assessed for benefits. The form given in the statutes (§5654 Burns 1894) does contain a description of the lands. But this form is found in the act of 1881, while the statute prescribing the form and contents of the notice in question is the act of April 6, 1885. It is to the latter act that we must look to ascertain what the notice should state. The motion to set aside the service, and to strike out the notice, was, therefore, properly overruled.

The grounds of the motion to dismiss the petition and to strike out the report of the commissioners were that the proceedings contemplated the draining of some small lakes, and that the commissioners had located certain branch ditches not petitioned for, and had assessed appellant for their construction. These objections to the petition and report were not well taken. The petition did not ask for the drainage of any lake. The line of drainage passed through several small bodies of water described as lakes, and, as they were natural water basins, or water courses, on the route proposed, it was lawful to drain the lands above into and through them. *Mitchell* v. *Bain*, 142 Ind. 604; citing *Hebron, etc., Co.* v. *Harvey*, 90 Ind. 192, 46 Am. Rep. 199; *Munkres* v. *Kansas City, etc., R. Co.*, 72 Mo. 514. Even if the drainage of one or more small lakes, and the reclamation of the land covered by them, was intended, we are not prepared to say that this circumstance would vitiate the

proceedings, or deprive the court of jurisdiction over their subject-matter. In regard to the branch drains, the petition expressly demanded that such other lateral and branch ditches as might be deemed necessary by the drainage commissioners should be laid out and reported by them; and the statute authorized the commissioners to determine the best and most suitable methods of drainage. §5624 Burns 1894. There was no error in overruling the motion to dismiss the petition, and to strike out the report.

The next error assigned is the overruling of the application of appellant for a change of judge. It is contended by the appellees that the supposed error cannot be considered on this appeal because it was not presented to the trial court by a motion for a new trial. The general rule, undoubtedly, is that the denial of the application for a change of judge must be presented in a motion for a new trial, and that it cannot be specified as an independent error. *Horton* v. *Wilson,* 25 Ind. 316; *Crowfoot* v. *Zink,* 30 Ind. 446; *Knarr* v. *Conaway,* 53 Ind. 120; *Berlin* v. *Oglesbee,* 66 Ind. 308; *Walker* v. *Heller,* 73 Ind. 46; *Scanlin* v. *Stewart,* 138 Ind. 574.

The provisions of the civil code in relation to a motion for a new trial are applicable to proceedings under the statute concerning drainage. *Neff* v. *Reed,* 98 Ind. 341; *Crume* v. *Wilson,* 104 Ind. 583.

It has been held that a party does not waive an objection which he has had no opportunity of making, and, therefore, that the rule requiring the alleged error to be first presented by a motion for a new trial does not apply where no new trial can be had. *Shoemaker* v. *Smith,* 74 Ind. 71.

In the present case, the remonstrances of the appellants having been stricken from the files, the judgment was rendered as upon a default. §5625 Burns 1894.

But the rendition of a judgment by default is not a trial in the sense that a party may afterwards apply for a new trial. *Fisk* v. *Baker,* 47 Ind. 534. As the appellant Good-

rich was not in a situation to ask for a new trial, the specification of the refusal of the court to grant a change of judge was properly assigned as an independent error.

The ruling complained of, however, was not erroneous. The motion to strike out the remonstrance of the appellant had been heard, and submitted to the court for decision. The judge, who had the question under advisement, had the right to decide it, and, after submitting the question for decision, the appellant could not retract his consent to such submission. But, in addition to this, the question whether the appellant had the right to demand a change of judge depended upon the decision upon the motion to strike out his remonstrance, and the determination of the latter motion necessarily preceded a ruling upon the motion for a change of judge. The remonstrance was ordered to be stricken out. This was right. It was not filed within ten days after the service on the appellant of the notice of the hearing of the report. The appellant had no standing in court, and no right to file an application for a change of judge. §5625 Burns 1894.

Lastly, the motion in arrest, being founded upon the alleged insufficiency of the notice and the supposed irregularities in the petition and the report of the commissioners, was, for the reasons hereinbefore stated, properly overruled. There being no error in the record, the judgment is in all things affirmed.