GOODWIN *v.* BENTLEY, EXECUTOR, ET AL.

[No. 4,324. Filed February 18, 1903.]

APPEAL AND ERROR.—*Change of Venue.—Denial of Motion.*—To justify the reversal of a cause on the ruling of the court in denying a change of venue, it must be shown that the ruling was harmful. *p. 481.*

SAME.—*Change of Venue.—Denial of Motion.—Ground for New Trial.*—The denial of a change of venue is properly made a ground of a motion for a new trial. *pp. 480, 481.*

WITNESSES.—*Executors and Administrators.—Witness whose Interest is Adverse to Estate.*—In an action by the heirs and personal representatives of mortgagees to foreclose a mortgage, testimony by the

mortgagors as to facts and circumstances occurring prior to the death of mortgagees to prove that the real estate described in the mortgage was the property of the wife acquired by gift, and that the debt sued upon was the debt of the husband, was properly excluded, under the provision of §506 Burns 1901. *pp. 481-485.*

From Clark Circuit Court; *P. E. Bear*, Special Judge.

Suit by Edwin B. Bentley, executor, and others, against Elizabeth Goodwin and her husband, to foreclose a mortgage. From a judgment for plaintiffs, Elizabeth Goodwin appeals. *Affirmed.*

*Jacob Herter* and *G. H. Hester*, for appellant.
*W. H. Watson* and *M. Z. Stannard*, for appellees.

COMSTOCK, J.—Action by the appellees against the appellant and her husband, Calvin R. Goodwin, to recover judgment on a note for $2,000, with interest from January 8, 1880, and for the foreclosure of a mortgage to secure the same, on certain property in the city of Jeffersonville, Clark county, Indiana. The note was executed by Calvin R. and the mortgage by Calvin R. and his wife, to Francis W. Bentley, Mary E. Wilson, and Mary A. Bentley. Francis W. Bentley died February 3, 1888, after the execution of said note and mortgage, leaving as his heirs at law, the appellees, Katherine Bentley, his widow, John T. Bentley, James T. Bentley, Frank T. Bentley and Edwin B. Bentley, his sons. His estate was solvent. No administration was had thereon. Afterwards, on October 11, 1892, the said Mary A. Bentley died, leaving as her only legatee and devisee the said Mary E. Wilson. Her will was probated; she left no debts; her estate was solvent; no administration was had thereon. On the 9th day of April, 1897, the said Mary E. Wilson died, testate, leaving as her only devisee and legatee the said Edwin B. Bentley. Her will was duly probated, and the said Edwin B. Bentley was named as executor and afterwards duly qualified to act as such.

The complaint of the appellees, praying for judgment on said note and the foreclosure of said mortgage, sets out the

facts as hereinbefore stated. To this complaint the appellant Elizabeth Goodwin filed her separate answer in two paragraphs, the first being a general denial, and the second a special answer, setting up the fact that she held title to the real estate named in the mortgage by gift from her husband, Calvin R. Goodwin. To the second paragraph of said appellant Elizabeth Goodwin's answer the appellees filed a joint demurrer on the ground that the same did not state facts sufficient to constitute a cause of defense. This demurrer was overruled, and appellees excepted. To the second paragraph of appellant Elizabeth Goodwin's special answer appellees filed their reply in three paragraphs. The first was a general denial. To the second and third paragraphs of this reply the appellant Elizabeth Goodwin filed a demurrer, which was sustained.

This is the second appeal of this case. *Bentley* v. *Goodwin,* 26 Ind. App. 689. Upon the first trial the court made a special finding of facts, and stated conclusions of law in favor of appellant Elizabeth Goodwin, and against Calvin R. Goodwin, rendering judgment in accordance therewith. Upon the former appeal this judgment was affirmed as to Calvin and reversed as to Elizabeth Goodwin. Upon the second trial the court rendered a general finding in favor of the appellees and against appellant Elizabeth Goodwin for the foreclosure of said mortgage, and decreed the sale of the property described in the complaint to satisfy the judgment. Calvin R. Goodwin filed his waiver of notice, and declined to join in the appeal.

Appellant Elizabeth Goodwin assigns as error the action of the court in overruling her motion for a new trial. The first ground specified in the motion for a new trial is that the court erred in sustaining appellees' motion for a change of venue from the regular judge of the Clark Circuit Court. The change of venue was asked upon the ground that an impartial trial could not be had before the regular judge of said court on account of the bias and prejudice of said

judge. At the time of the filing of the affidavit and application a rule of the Clark Circuit Court required an application for change of venue to be made at least three days (unless sufficient cause be shown for the delay) before the day fixed for the trial of the cause. This motion and the affidavit for the change were filed on the day set for the trial, without any reason being shown why the application was not made within the time fixed by the rule. The statute (§416 Burns 1901, §412 Horner 1901, subd. 7) provides that the court in term or the judge thereof in vacation shall change the venue of any civil cause, when either party shall make or file an affidavit of the bias, prejudice, or interest of the judge before whom the said cause is pending.

It is earnestly insisted by counsel for appellant that the rules of court are binding upon the judge as well as upon all the parties before the court, and that they must be enforced uniformly. Courts have power to adopt rules for conducting the business when not repugnant to the laws of the State. *Magnuson* v. *Billings,* 152 Ind. 177, and cases cited. Numerous cases might be cited holding that the refusal to grant a change of venue when the application therefor was not made within the time fixed by the rules of the court or a reason shown for a failure to comply with the rule is not reversible error. One is sufficient. *City of Columbus* v. *Strassner,* 138 Ind. 301. The cases holding that a refusal to grant a change of venue upon proper application is reversible error are numerous. We cite only the following: *Moore* v. *Sargent,* 112 Ind. 484; *Shoemaker* v. *Smith,* 74 Ind. 71; *Krutz* v. *Howard,* 70 Ind. 174. Our attention has not been called to any case, and we know of none, in which it has been held reversible error for the trial judge to decline to preside at the trial of a cause after a party to the suit has filed an affidavit of the prejudice and bias of the court and an application for a change of venue therefor. While the affidavit in question gives no reason why it was not filed at an earlier date, there is always a presumption in

favor of the rulings of the trial court. The record does not disclose when the case at bar was set for trial. It may have been so set the day before. If so, it was as much within the knowledge of the court as of the party, and a statement of such facts could have given the court no information. But, if the ruling was erroneous, to justify a reversal it should have been harmful. It is properly made a ground of the motion for a new trial. Appellant could have had no redress for any alleged error which might have been committed by the regular judge which she did not have as to the rulings of the special judge.

In the motion for a new trial, among the reasons given are the following, namely: The decree of the court is contrary to law; is not sustained by sufficient evidence; the assessment of the amount of recovery is too large; the exclusion of the testimony of the appellant and her husband. None of the foregoing grounds are discussed excepting the last named. We can not presume, in view of the record, that the rulings were harmful. The fifth, sixth, seventh, eight, and ninth grounds for a new trial present the same question, to wit, the competency of Calvin R. and Elizabeth Goodwin as witnesses in their own behalf. They were defendants in the cause and mortgagors of the mortgage sought to be foreclosed. Calvin R. was the maker of the note secured by the mortgage. The mortgagees were deceased. Some of their personal representatives being appellees here and parties plaintiff in the court below. A personal judgment against the maker of the note, Calvin R., was obtained on the former trial and affirmed upon the former appeal. The issue then was as to the validity of the lien. The special answer of the appellant alleged that the debt sued on was the debt of her husband, and that the real estate described in the mortgage was derived from her husband as a gift, and not otherwise.

It is contended by counsel for appellant that if the real

estate in controversy was so acquired the mortgage was void and unenforceable against her property, because of §10 of the act of March 25, 1879 (Acts 1879, p. 160), which provides that a married woman shall not mortgage or in any manner encumber her separate property acquired by descent, devise or gift, as a security for the debt or liability of her husband or any other person. *Levering* v. *Shockey,* 100 Ind. 558. It is claimed that it was therefore competent for appellant to show by proper evidence the facts and circumstances surrounding the acquisition of the mortgaged property, whether it was by purchase or by gift, notwithstanding the fact that the deed to her recited that it came by purchase from her grantors Holmes and Thias.

The testimony offered and excluded related to facts and circumstances occurring prior to the death of Mary E. Wilson, connected with and relating to the gift and transfer of the property described in the complaint, and averred in the second paragraph of the answer of said Elizabeth. Whether this testimony was admissible must depend upon the construction to be given §506 Burns 1901. It is as follows: "In suits or proceedings in which an executor or administrator is a party, involving matters which occurred during the lifetime of the decedent, where a judgment or allowance may be made or rendered for or against the estate represented by such executor or administrator, any person who is a necessary party to the issue or record, whose interest is adverse to such estate, shall not be a competent witness as to such matters against such estate," etc. The following cases sustain the ruling of the trial court: *Nelson* v. *Masterton,* 2 Ind. App. 524; *Thornburg* v. *Allman,* 8 Ind. App. 531; *Neihaus* v. *Cooper,* 22 Ind. App. 610; *Reddick* v. *Keesling,* 129 Ind. 128; *Hyland* v. *Milner,* 99 Ind. 308; *McDonald* v. *McDonald,* 142 Ind. 55. In their able brief counsel for appellant strongly rely upon

*Taylor* v. *Duesterberg,* 109 Ind. 165, and *Durham* v. *Shannon,* 116 Ind. 403, 9 Am. St. 860.

In *Taylor* v. *Duesterberg, supra,* Taylor owed an indebtedness to Burway. Burway had died and Duesterberg was appointed his administrator. Taylor conveyed certain of his property to his wife. Duesterberg, having brought suit and obtained judgment on the note, brought an action to set aside the conveyance made by Taylor to his wife, the action being in the nature of a creditor's bill, and for the purpose of setting aside the alleged fraudulent conveyance. The property conveyed to Mrs. Taylor was never mortgaged to secure the debt, and Duesterberg never had, nor had Burway in his lifetime, any interest in the property conveyed to Mrs. Taylor. Whether the conveyance was made by Taylor to his wife in the lifetime of the decedent does not appear, but Duesterberg and Taylor and wife were alive when the case was tried. There was no attempt on the part of the Taylors to prevent the collection of the debt from the maker. Mr. and Mrs. Taylor were offered as witnesses as to transactions occurring in the year 1881, to show that Mrs. Taylor was the equitable owner of the property, and that title had been taken in the name of her husband originally, without her knowledge.

In *Durham* v. *Shannon, supra,* Patrick Shannon, the deceased, had owned a mare in his lifetime, which Durham claims Shannon had given to him. He made frequent admissions to this effect. The animal remained in the possession of Shannon, who used her apparently as his own, and afterwards sent her to Kentucky, where she remained until after his death, and after she had the colt in controversy. The administrator of the estate of Shannon sold the colt to pay Shannon's debts, and Durham brought replevin to recover the colt from the purchaser. On the trial Durham offered to testify to the gift to him by Patrick Shannon, as against the purchaser. The controversy here was between living parties,—the person to whom the mare

was alleged to have been given and the person who claimed her by purchase at administrator's sale. The opinions in these cases were written by the same learned judge.

In *Durham* v. *Shannon, supra,* in the course of the opinion, after referring to *Taylor* v. *Duesterberg, supra,* it is said: "In the case last above cited, both parties to the transaction, concerning which the parties thereto were called to testify, were alive. The decedent was not a party to the matter about which testimony was offered, and had no interest in the transaction when it occurred, and although he was represented by an administrator and his estate was interested in the subject-matter of the transaction, and was liable to be affected by the judgment to be rendered, it was nevertheless ruled, that since the transaction only came collaterally in question, and the decedent was not a party to it, the parties were competent to testify." And recurring to the case then under consideration continues: "The parties to this cause of action are both living. The transaction between the plaintiff and Patrick Shannon arises incidentally only, and is collateral to the real cause of action. Neither of the parties to the action in any sense represents the estate of Patrick Shannon, nor will the judgment bind or conclude the estate. True, the plaintiff predicates his title to the property in dispute upon the gift alleged to have been made to him by the decedent, and if the estate of the latter was in any way represented in the action, or interested in the controversy, so as to be concluded by the judgment, the policy of the statute would exclude the plaintiff's testimony. Such, however, is not the fact, and the case is, therefore, neither within the reason or letter of the statute."

As stated in *Taylor* v. *Duesterberg, supra,* the competency of a witness "depends, not so much upon the fact to which the adverse party is called upon to testify, as upon the contract or matter involved in the issue in the case. * * * The true spirit of the statute seems to be that when a party

to a subject-matter or contract in action is dead, and his rights in the thing or contract has passed to another who represents him in the action or proceeding which involves such contract or subject-matter to which the decedent was a party, the surviving party to that subject shall not testify to matter occurring during the lifetime of the decedent." These cases are distinguishable from the case at bar. The ultimate fact in issue in the case at bar is the acquisition of the property by defendant. This was the only question left to be adjudicated by the trial under *Bentley* v. *Goodwin,* 26 Ind. App. 689. This court is not warranted in concluding that the decedent had no knowledge on the subject to which the offered testimony related, derived possibly from conversations with Mr. and Mrs. Goodwin,—statements made in reference to the title to the property when the mortgage was executed. As is said in *McDonald* v. *McDonald,* 142 Ind. 55, 87, they were "not competent to testify respecting things not open to the observation of all the friends and acquaintances of the deceased."

We find no error for which the judgment should be reversed. Judgment affirmed.