STATE OF INDIANA ON RELATION OF FRITZ ET AL. *v.*
DELAWARE CIRCUIT COURT, LEFFLER, JUDGE.

[No. 29,465. Filed January 16, 1957.]

*Dennis & Cross,* of Muncie, for relators.

*F. Clayton Mansfield, Leonidas A. Guthrie* and *William H. Bales,* of Muncie, for respondents.

EMMERT, J.—This is an original action for an alternative writ of mandamus to compel the Delaware Circuit Court, acting as a juvenile court, to grant a change of judge in four cases separately charging each relator with delinquency under §9-2803, Burns' 1956 Replacement. The alternative writ issued, and respondents' return asserts the writ should be annulled because (1) the petition fails to comply with Rule 2-35, and (2) no right to a change of judge exists in such proceedings.

The petition does not embody or have as exhibits thereto certified copies of the pleadings, orders and entries pertaining to the subject matter, but it does allege a petition filed with the juvenile court for an order on the clerk to furnish such certified copies, which petition was overruled by the court, and that the court did then order the clerk to make a complete certification of the record "when and at the time the official court reporter of this court furnishes . . . her transcript of the evidence and proceedings in this cause." In lieu of certified copies, the relators then filed with the petition uncertified copies of all the pleadings, pro-

ceedings and court entries, which were verified as correct by relators' counsel.

The requirements of §9-3114, Burns' 1956 Replacement,[1] could not be intended to prevent the child from obtaining copies of any record needed to present ■ a matter to this court involving the protection of the right of the child. The relators were entitled to certified copies of the record as of right. It could have been obtained by an alternative writ of mandamus from this court, since all officers of lower courts are bound by our writs in original actions. *State ex rel. Smith* v. *Delaware Circuit Court* (1952), 231 Ind. 173, 108 N. E. 2d 58; *State ex rel. Hurd* v. *Davis* (1948), 226 Ind. 526, 82 N. E. 2d 82.

The verified return does not question the accuracy of the sworn copies of the proceedings had in the juvenile court, and in such a case we believe that Rule 2-35 does not prevent our considering such copies as evidence upon which we may decide this action. To hold otherwise would require these relators to present two original actions here. Sworn copies may be substituted where the record shows, as in this case, a good faith effort has been made to secure certified copies and the relators have been prevented from obtaining them by circumstances beyond their control.

The motions for the change were presented to the court for filing, and none of the causes had been set for trial by any order book entry of the court. "Setting ■ ting a case for trial is an entry or order made in the cause by the court, either of its own motion, in regulating its business in compliance with the statute, or the rules of court made conformably there-

1. ". . . Such records shall be open only by order of the court to persons having a legitimate interest. . . ." Section 9-3114, Burns' 1956 Replacement.

with, or by agreement of parties, by which a day certain is fixed, on or after which the case may be called for final disposition or trial." *Moore* v. *Sargent* (1887), 112 Ind. 484, 488, 14 N. E. 466. See also *O'Malia* v. *State* (1934), 207 Ind. 308, 192 N. E. 435. The motions were filed within time under Rule 1-12.

The State of Indiana was in fact a party to the proceedings below even though not named as such in the complaint or title of the cause. *State ex rel. Johnson* v. *White Circuit Court* (1948), 225 Ind. 602, 77 N. E. 2d 298. The relators were also parties, and §2-1402, Burns' 1946 Replacement, grants a right to a change of judge in "any matter of a civil, statutory or equitable nature not triable by a jury. . . ." In *State ex rel. Jones* v. *Geckler, Judge* (1938), 214 Ind. 574, 16 N. E. 2d 875, we held the juvenile was entitled to a change of judge in an action charging him with delinquency.[2] We adhere to the ruling in this case. Each verified motion for a change of judge should have been granted.

The alternative writ is now made absolute.

Achor, C. J., Arterburn, Bobbitt and Landis, JJ., concur.

NOTE.—Reported in 139 N. E. 2d 442.

---

2.   In *State ex rel. Bryant* v. *Warrick Circuit Court* (1953), 232 Ind. 655, 115 N. E. 2d 742, we held the parties entitled to a change of judge in a proceedings under §§9-2808 and 9-2316, Burns' 1956 Replacement, for a change of custody of a child.