STATE EX REL. DUFFY v. LAKE JUVENILE COURT, MESZAR, JUDGE, ETC.

[No. 29,669. Filed June 19, 1958.]

*Max Cohen* and *L. C. Holland,* both of Gary, for relator.

*Joseph J. Wasko,* of East Chicago, for respondents.

BOBBITT, C. J.—Relator, by this action, seeks to compel the Lake Juvenile Court and the Judge thereof to grant a change of venue from the Judge in a certain cause pending in said court entitled, In the Matter of David Duffy, a child under 18 years of age, being Cause No. 14014 in such court. We issued an alternative writ.

Respondents duly filed their return asserting that such change of venue should not be granted for the reason that the motion and affidavit therefor failed to comply with Rule 1-12-B of this court in that the cause of action was set for "hearing and trial" by respondents on April 22, 1958 and the motion and affidavit for a change of venue herein was filed on April 21, 1958, and failed to show "how relator discovered the facts showing the cause for a change of venue and . . . failed to show facts why such cause could not have been discovered before by the exercise of due diligence."

The affidavit for change of venue from the Judge, omitting formal parts, is as follows:

"DAVID DUFFEY [DUFFY] being first duly sworn upon his oath alleges and says that he is the defendant in the above-entitled cause. That he can not have a fair and impartial trial of said cause before the Honorable Joseph A. Meszar on account of the bias and prejudice of said Judge against said defendant, which said bias and prejudice was not discovered until 21st day of April, 1958, and this affidavit was filed immediately upon the discovery of said bias and prejudice, which

prevents the defendant from having a fair and impartial trial."

Two questions are presented for our determination.

*First:* Is relator's affidavit sufficient to avoid the provisions of the applicable rule of this court?

Rule 1-12-B of this court, effective January 2, 1956, applies only to a change of venue from the county,[1] hence respondents' answer in justification of the refusal to grant a change of venue from the Judge, as herein requested, is not well taken and is not sufficient to stay the issuance of the writ.

The action here is governed by Rule 1-12 of this court which is, in pertinent part, as follows:

"An application for change of judge as now provided by law, shall be filed at least ten days before the date set for the trial, or if a date less than ten days in the future is set for the trial, the application shall be filed within two days after the setting of the case for trial."

In *State ex rel. Chambers* v. *Heil* (1951), 229 Ind. 176, 96 N. E. 2d 225, this court, in a well reasoned opinion by Judge Draper, held that such an affidavit as filed by relator herein, under similar circumstances, was sufficient to avoid the above provisions of Rule 1-12. We reaffirm the ruling in that case. See also *State ex rel. La Baw, Admr.* v. *Sommer* (1957), 237 Ind. 393, 146 N. E. 2d 420.

*Second:* Is the action in the Lake Juvenile Court in which relator seeks a change of venue from the Judge within the provisions of Acts 1929, ch. 6, §1, p. 12, being §2-1402, Burns' 1946 Replacement?

Section 2-1402, *supra,* provides that when any matter of a statutory nature not triable by a jury is pend-

---

1. Rule 1-12-B has recently been revised, effective September 1, 1958, making uniform the procedure as to both change of Judge and change of venue from the county.

ing, the Judge before whom the cause is pending shall grant a change of venue. *State ex rel. Bryant et al.* v. *Warrick C. C.* (1953), 232 Ind. 655, 658, 115 N. E. 2d 742.

A petition for delinquency such as that filed in said Cause No. 14014 in the Lake Juvenile Court is an adversary proceeding of a statutory nature not triable by a jury. Acts 1945, ch. 356, §§1-15, p. 1724, being §§9-3201—9-3215, inclusive, Burns' 1946 Replacement; *State ex rel. Fritz et al. v. Del. C. Ct., etc.* (1957), 236 Ind. 229, 139 N. E. 2d 442. This being true, then the petition for delinquency herein comes clearly within the provisions of §2-1402, *supra*, and relator is, therefore, entitled to a change of Judge.

The alternative writ of mandate heretofore issued is hereby made absolute.

Landis, Achor, Arterburn and Emmert, JJ., concur.

NOTE.—Reported in 151 N. E. 2d 293.