ANTON *v.* STATE OF INDIANA.

[No. 20,545.   Filed March 30, 1967.   Rehearing denied April 20, 1967.]

*Robert J. Gorman,* of Chicago, Illinois, and *Patrick W. Mullen,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, and *Douglas B. McFadden,* Deputy Attorney General, for appellee.

PFAFF, P. J.—This is an appeal from the Porter County Juvenile Court by Robert Anton, a sixteen year old minor, who was charged with illegal possession of alcohol. Counsel for the appellant petitioned the court for a change of judge and the petition was denied. The court, having previously studied the submitted report of the probation officer, found the minor had ". . . committed an act of delinquency in that he entered the property of another without permission and consumed alcoholic beverages; and now orders that he report to the probation officer on Friday, January 28, 1966, at 4:00 P.M. to be then taken and placed in juvenile dentention until Sunday, January 30, 1966, provided, however, that if he desires to go to church and/or sunday school, he will be released to attend such services and return to detention afterwards. . . . "

The appellant relied upon three grounds for appeal:

1. That the decision of the Juvenile Court is contrary to law and the evidence.
2. That the Juvenile Court improperly refused to grant the Petition for Change of Judge.
3. That the Juvenile Court has illegally instituted procedures whereby the probation officer conducts hearings and enforces a general order of uniform punishment for all alcohol violations.

In the appellant's first allegation of error he contends the probation officer determines the evidence and makes his decision in accordance with a general order requiring detention for a week-end in all cases such as the case at bar.

A pre-hearing investigation is mandatory before a hearing may be granted as provided by Burns' Indiana Statutes, 1966 Supplement, § 9-3113a. The evidence clearly shows the court entered judgment in accordance with the recommendation of the probation officer.

The transcript reveals that the court's uniform penalty for first offenders is a mere policy of the court: (Tr. p. 60, 61).

> "There isn't any written law that says that every person under the age of eighteen that has taken liquor will spend time in jail. It has been a policy we follow here. Frankly, it has worked out very well.
>
> "We feel that so many of the cases of these young people getting involved with alcohol and becoming involved in more serious crime than merely being at a school dance drinking. Much more serious. Among which are automobile accidents, juvenile pregnancies, and many other problems that they come into have come from drinking.
>
> "It is my feeling, and policy I follow, when they become involved with alcohol, we give these two nights, is really all it amounts to, in detention. Because we can get to them that way, have them realize what they have done wrong and see what they are getting into."

Appellant argues that a Juvenile Court judge should analyze and investigate each individual case. The individual's home, circumstances, environment and background should be considered. The psychological needs and problems of the child should be weighed. This court agrees with the appellant's proposition but cannot find that it was not applied in the case at bar.

The second ground relied upon by the appellant was that the Juvenile Court improperly refused to grant Petition for Change of Judge. The basis of appellant's argument is that the judgment of the court was too harsh and contrary to the

recommendation of the probation officer. In our opinion, it is unnecessary to cite case law to substantiate the fact that the judgment entered by the court was entirely within the established bounds of the court's discretion.

Appellant's petition for change of judge was not presented until the beginning of the hearing of the case, ■ and thus was waived in accordance with Supreme Court Rule 1-12 (B) sub. (2), which requires that:

"Any such application for a change of judge . . . shall be filed not later than ten (10) days after the issues are first closed on the merits."

The exception to the rule is Rule 1-12 (b), sub. 7, which states:

"Provided further, a party shall be deemed to have waived a request for a change of judge or county if a cause is set for trial before the expiration of the date within which a party may ask for a change, evidenced by an order book entry and no objection is made thereto by a party as soon as such party learns of the setting for trial. Such objection, however, must be made promptly and entered of record accompanied with a motion for a change from the judge or county as the case may be, and filed with the court."

The record clearly designates that the appellant did not meet this requirement.

Prior to the adoption of Supreme Court Rule 1-12, it was customary for trial courts to make rules concerning the time for application for change of venue from the judge and ■ it was repeatedly held that these rules were not applicable when the alleged bias was discovered after the time for such filing. *State ex rel. Chambers* v. *Heil* (1951), 229 Ind. 176, 96 N. E. 2d 225. It was further held that where the affidavit stated that the cause for change had been discovered too late to comply with the rule, then the change must be granted. *State ex rel. Van Horne* v. *Sullivan* (1934), 206 Ind. 304, 188 N. E. 2d 672; *Spencer* v. *Spencer* (1894), 136 Ind. 414, 36 N. E. 210.

Although this precedent would be equally applicable to the case at bar, the appellant's affidavit did not so allege. Thus, under the Supreme Court Rule 1-12 (b) and the exceptions thereto, the appellant waived his right to a change of judge.

We conclude, therefore, that the trial court did not err in denying the Petition for Change of Judge and that its decision was not contrary to law.

Judgment affirmed.

Bierly and Smith, JJ., concur.

Cook, J., concurs with opinion.

### Concurring Opinion

Cook, J.—I concur in the result reached by the majority opinion.

This proceeding commenced with the filing of a "juvenile complaint form" on January 17, 1966, charging Appellant with being a delinquent, the acts of delinquency being unlawful entry, theft, and consumption of alcohol. The proof related only to the consumption of some alcoholic beverage. An examination of the record discloses that Appellant, age 16, and two other boys, ages 15 and 16, attended a Chesterton High School dance on Friday night, January 7, 1966; that a teacher detected alcohol on Appellant and the other two boys and requested that they leave the dance. These circumstances were reported to the high school principal, who, in turn, called the Porter Circuit Court juvenile probation officer to investigate. The probation officer's investigation began on January 10, 1966, and presumably extended to January 17, 1966, when the formal "juvenile complaint form" was filed.

On January 17, 1966, the Honorable Alfred J. Pivarnik, Judge of the Porter Circuit Court, in the exercise of the court's juvenile jurisdiction, entered an order to the effect that the juvenile probation officer *orally* reported to the court that Appellant had been in illegal possession of intoxicating liquor. The trial court's order then found that Appellant be

placed in juvenile dentention in the custody of the Sheriff of Porter County from 4:00 P.M. Friday, January 21, 1966, until 11:00 A.M. Sunday, January 23, 1966.

Up to this point there had not been a hearing, as provided by Burns' Indiana Statutes, 1966 Supplement, § 9-3215. I cannot condone detention and the resulting deprivation of a minor's liberty, however limited, without a hearing. However, Appellant's parents would not permit their child to be placed in juvenile detention pursuant to the trial court's order of January 17, 1966, and the attorney who appears for Appellant on this appeal was employed and requested a hearing.

A hearing was set for January 24, 1966, at which time Appellant appeared before Judge Pivarnik in person and by counsel.

On the day of hearing, but before the commencement of the hearing, Appellant, by his father and guardian, presented a verified "Petition for Change of Judge." The trial court denied the petition, stating "I don't believe there is a provision in juvenile law for a change from the Juvenile Court." This action of the trial court was clearly erroneous. In the case of *State ex rel. Duffy* v. *Lake Juvenile Court* (1958) 238 Ind. 404, 151 N. E. 2d 293, Judge Bobbitt stated:

> "A petition for delinquency such as that filed in said Cause No. 14014 in the Lake Juvenile Court is an adversary proceeding of a statutory nature not triable by a jury. Acts 1945, ch. 356, §§ 1-15, p. 1724, being §§ 9-3201—9-3215, inclusive, Burns' 1946 Replacement; *State ex rel. Fritz et al.* v. *Del. C. Ct., etc.* (1957), 236 Ind. 229, 139 N. E. 2d 442. This being true, then the petition for delinquency herein comes clearly within the provisions of § 2-1402, *supra,* and relator is, therefore, entitled to a change of Judge."

The majority hold that Appellant's petition for change of judge was waived because of the provisions of Supreme Court Rule 1-12 (B) sub. (2) and 1-12 (B) sub. (7). Rule 1-12 (B) sub. (2) could not possibly apply in this case because the

period was less than ten days between the filing of the formal "juvenile complaint form" and the trial date. Rule 1-12 (B) sub. (7) does not apply, as the trial court did not make an order book entry fixing the date of trial on January 24, 1966. I believe that Appellant's motion for change of judge was timely filed under the circumstances of this case, and should have been granted.

However, I do not perceive that the error of the trial court has been preserved because of Appellant's failure to assign such error in his motion for a new trial. Appellant, for the first time, in his assignment of errors filed in this Court for his second ground, states "That the Juvenile Court improperly refused to grant the petition for a change of judge." The error of the court in denying a proper application for change of venue from the judge must be assigned in the motion for a new trial and not by a separate assignment of error. *Goodrich* v. *Stangland* (1900) 155 Ind. 279, 58 N. E. 148; *Goodwin* v. *Bentley* (1903) 30 Ind. App. 477, 66 N. E. 496. Appellant's brief is defective in failing to include assignment of errors and motion for a new trial. Supreme Court Rule 2-17; *Michaels* v. *Johnson* (Feb. 24, 1967), Appellate Court, Ind., 223 N. E. 2d 585.

The order of the trial court of January 17, 1966, about which Appellant complains, is a nullity. It was superceded by the order and judgment of the trial court following a hearing as requested by Appellant, entered January 24, 1966. It is from this judgment, which restated the terms of the detention contained in the court's order of January 17, 1966, that Appellant appeals to this Court.

The limitations and restrictions placed upon this Court are aptly stated in the case, *In Re Pierson* (1943) 114 Ind. App. 195, 51 N. E. 2d 91. Judge Crumpacker, speaking for this Court, said:

"In the instant case the fact that any one of several other judgments, less drastic than the one pronounced, would

have been proper on the facts found can be no concern of ours. What corrective remedy the trial court chose out of the several the law provides was within its exclusive province and its judgment in that regard is beyond our reach by both statutory restriction and the dictates of reason and common sense. It is apparent, therefore, that the facts found by the court support the judgment rendered and that such facts are sustained by the evidence."

It is just as apparent in this case that the judgment rendered by the trial court is sustained by the evidence.

I agree with the majority that the judgment should be affirmed.

NOTE.—Reported in 224 N. E. 2d 516.