BRAUN *v.* MILLER MANUFACTURING COMPANY, ETC., ET AL.

[No. 13,138. Filed February 21, 1929.]

*Howard Benninghoff,* for appellant.
*Lloyd S. Hartzler* and *L. B. Harper,* for appellees.

LOCKYEAR, J.—The appellee Miller Manufacturing Company, of Hicksville, Ohio, filed complaint in Allen Circuit Court against the appellant to obtain possession of one No. 5 Nash Automatic Sander and one countershaft and pulleys, all of the value of $500; thereafter one Glen Miller, by permission of the court, filed a petition to intervene by way of cross-complaint, alleging that he was the owner of the property in question.

The appellant thereafter filed answer in general denial, both to the complaint and cross-complaint of Glen Miller.

The case was set for trial a number of times and continued until it was finally set down for trial on May 3, 1927, on which date it appears that the appellant and his attorney were not present at the beginning of the trial. Evidence was heard in part, when the counsel for the appellant appeared and demanded a trial by jury by written motion, which motion was overruled and exceptions taken, and thereupon the appellant filed an affidavit for change of venue from the judge, which was likewise overruled and exceptions taken. Whereupon, the judge trying the case heard all of the evidence and, upon the evidence so heard, rendered judgment in favor of the cross-complainant, Glen Miller, and finding the value of the property to be $450.

The appellant filed a motion for a new trial and the same was overruled. The errors assigned were overruling the motion for a new trial, the errors alleged in refusing to try the case before a jury and refusal of the

judge to grant a change of venue from the judge.

In the case of *Thorn* v. *Silver* (1909), 174 Ind. 504, 89 N. E. 943, 92 N. E. 161, it is said, on page 510, that, "to say generally that a change of judge, for a cause which did not render him ineligible, and make it manifestly improper that he should continue, may be granted in the midst of a trial, would be fraught with such consequences that we cannot assent to the proposition," and it is therefore held that the change of venue from the judge may not be made during the trial unless there is such a showing made as to show the entire disqualification of a judge. We therefore hold that the court did not err in refusing a change of judge under the facts in this case and the same rule would apply as to the appellant's right of trial by jury.

The cross-complainant in this case owned the property in question and had sent it to the Zern Machinery Company of Fort Wayne, Indiana, to have repairs made upon the machinery, and, while in the possession of the Zern Machinery Company, it was sold by the Zern Machinery Company to the appellant for an old debt that existed in favor of the appellant against the Zern Machinery Company. Proper demand was shown by the evidence to have been made, before the action was brought, and by a great preponderance of the evidence, the appellee Glen Miller was shown to have been the owner of the machine and entitled to its possession.

Judgment affirmed.