STATE EX REL. CHAMBERS *v.* HEIL, SPECIAL JUDGE.

[No. 28,747. Filed January 19, 1951.]

*Cooper, Cooper & Cooper,* of Madison, and *Lealand West,* of Scottsburg, for relator.

*Owen Voigt,* of Jeffersonville, for respondent.

DRAPER, J.—The relator is the defendant in a wrongful death case pending in the Scott Circuit Court before

the respondent, the Hon. Henry L. Heil, as special judge. On October 24, 1950, said cause was set for trial on December 14, 1950. On December 12, 1950, the relator, as the defendant in said cause, filed his verified motion for change of venue from the judge. The motion was overruled.

Thereupon, the relator filed this original action asking that the respondent be mandated to grant said change of venue and that he be prohibited from proceeding further in the cause, and seeking a temporary writ of prohibition. A temporary writ issued and the respondent was given until the 2nd day of January, 1951, to show cause why a permanent writ of mandate and prohibition should not issue.

The respondent filed his verified response which shows that said motion for change of venue was overruled in reliance upon and in accordance with Rule 1-12 of this court, which rule reads in part as follows:

> ". . . An application for change of judge as now provided by law, shall be filed at least ten days before the date set for the trial, or if a date less than ten days in the future is set for the trial, the application shall be filed within two days after the setting of the case for trial. . . ."

In addition to the usual allegations of bias and prejudice, the verified motion for change of venue contains the following allegation: "Affiant further avers that this affidavit was made and filed at the first opportunity that (after) said defendant discovered the bias and prejudice of said Special Judge against the defendant's cause of action."

Thus, we are required to decide whether the allegation just quoted will suffice to relax that portion of Rule 1-12 above set out.

For many years it has been held in Indiana that local court rules fixing the time within which an appli-

cation for change of venue from the judge must be filed must yield when the application shows that the reason for the change was not discovered within the time allowed, and the application has been made within a reasonable time after the discovery of the existence of the grounds for a change. Many cases supporting the above statement are collected in 2 Lowe's Rev., *Works' Ind. Practice,* p. 206, § 307.

Our statutory law affords the right to a change of venue from the judge. The bias and prejudice of the judge before whom the cause is pending is a statutory ground for change. Burns' 1946 Replacement, § 2-1401. To enforce the rule in cases where the cause for the change was discovered after time for filing the application under the rule had expired, would be to require the impossible, expose parties to the hazards of an unfair trial, and destroy an absolute right conferred by the legislature.

That part of Rule 1-12 with which we are dealing merely supersedes local rules on the subject. It must and should be construed and applied as such local rules have heretofore been construed and applied.

The relator states under oath that his verified application for change of venue was made and filed at the first opportunity after he discovered the existence of bias and prejudice on the part of the judge against the defendant's cause of action. We hold the allegation sufficient to avoid the rule, and that the respondent erred in overruling the motion.

It is, therefore, ordered that the temporary writ of prohibition be made permanent, and the respondent is hereby mandated to grant said change of venue.

NOTE.—Reported in 96 N. E. 2d 225.