STATE EX REL. LA BAW, ADMINISTRATOR, ETC. *v.* SOMMER, JUDGE, ETC.

[No. 29,605. Filed December 13, 1957.]

*Wernle & Ristine,* of Crawfordsville, and *White & White,* of Covington, for relator.

*Raymond O. Evans,* of Crawfordsville, for respondent.

ACHOR, J.—The relator is the plaintiff in a wrongful death case pending in the Montgomery Circuit Court of which respondent is the sole presiding Judge. The case was put at issue on April 22, 1957 and thereafter assigned for trial (by jury) on October 16, 1957. On October 14, 1957 relator (plaintiff) personally executed and filed a verified motion for change of judge, which, in addition to the statutory grounds, contained the further allegation:

> "Affiant further says that this affidavit was made and filed at the first opportunity after this plaintiff discovered the bias and prejudice of said judge against said plaintiff and plaintiff's cause of action."

The motion was denied for failure to conform to Rule 1-12-B of this court.

Relator has asked for a writ of mandate requiring the respondent to grant the application for change of judge and for a temporary writ of prohibition preventing respondent from proceeding further in this proceeding pending a decision by this court on the petition for mandate.

The temporary writ has issued.

The answer to the question before us is governed by

the rules of this court, the pertinent statutes, and the decided cases in point.

Rule 1-12 adopted in 1948 provides in part:

". . . An application for change of judge as now provided by law, shall be filed at least ten days before the date set for the trial, or if a date less than ten days in the future is set for the trial, the application shall be filed within two days after the setting of the case for trial. . . ."

In the case of *State ex rel. Chambers* v. *Heil* (1951), 229 Ind. 176, 96 N. E. 2d 225, this court held that the allegation contained in the verified motion and heretofore quoted was "sufficient to avoid the rule (1-12), and that the respondent erred in overruling the motion."

Rule 1-12-B adopted in 1955 provides in part as follows:

"In all cases where the venue of a civil action may now be changed from the judge or the county, such change shall be granted upon the filing of an unverified application or motion therefor by a party or his attorneys: Provided, however, a party shall be entitled to only one change from the county and only one change from the judge.

"In any action except criminal no *change of venue from the county* shall be granted except within the time herein provided. *Any such application* for change of venue shall be filed within ten (10) days after the issues are first closed on the merits, or if the issues are closed without answer by operation of law, or where a cause is remanded for a new trial by the Appellate or Supreme Court, within ten (10) days after the party has knowledge the cause is ready to be set for trial. Any application for change of venue from the county to which the venue is first changed shall be filed within ten (10) days after the moving party has knowledge the cause has reached the county if the issues have already been closed as above provided.

> "Provided, however, if the moving party first obtains knowledge of the cause for change after the time *above* limited, he may file said application, which must be verified personally by the party himself, specifically alleging when the cause was first discovered, how it was discovered, the facts showing the cause for a change, and why such cause could not have been discovered before the exercise of due diligence. Any opposing party shall have the right to file counter-affidavits on such issue within ten (10) days, and the ruling of the court may be reviewed only for abuse of discretion." (Our italics.)

Thus it seems clear that the provision of Rule 1-12-B which requires that the application for "... change after the time *above limited*, ... must be verified personally by the party himself, specifically alleging when the cause was first discovered, how it was discovered, the facts showing the cause for a change, and why such cause could not have been discovered before the exercise of due diligence ..." is related to taking a change of venue from the county only, and that the limitation recited in Rule 1-12, as construed by *State ex rel. Chambers, supra,* is controlling as related to proceedings for change of judge.

We conclude therefore that, under the rules now in effect, the conclusions of fact alleged in relator's application for change of judge were sufficient and that the sustaining of the motion by respondent was mandatory.

Respondent is therefore ordered to grant relator's application for change of judge.

Emmert, C. J., Arterburn, Bobbitt & Landis, JJ., concur.

NOTE.—Reported in 146 N. E. 2d 420.