STATE EX REL. KIELPIKOWSKI *v.* MURRAY, JUDGE, ETC. ET AL.

[No. 29,866. Filed January 6, 1960.]

*Frederick C. Crumpacker,* of Valparaiso, for relator.

*Reed & Reed, Paul Reed,* of Knox, *Campbell, Livingston, Dildine & Haynie, Thomas W. Yoder* and *Alexander M. Campbell,* all of Fort Wayne, for respondents.

ARTERBURN, C. J.—This is an original action in which the relator, a defendant below, in a condemnation action, asks this Court for a writ of mandate to compel the respondent judge to grant him a change of venue from the county and a change of venue from the judge.

The condemnation action was originally filed in the Porter Superior Court and was venued to the Starke County Circuit Court upon the plaintiff's application. That cause was put at issue on April 8, 1957 by the plaintiff filing exceptions to the report of the appraisers therein.

Under the rules of this court and the above statutes in a condemnation action the issues were first closed on the merits by the filing of the written exceptions. *Vandalia Coal Co.* v. *Indianapolis, etc., R. Co.* (1907), 168 Ind. 144, 79 N. E. 1082; *State* v. *Rousseau* (1936), 209 Ind. 458, 199 N. E. 587; *State* v. *Redmon* (1933), 205 Ind. 335, 186 N. E. 328.

It was not until November 26, 1958 that the relator filed a motion for a change of venue from the county and after that was denied, filed a motion for a change from the judge on September 25, 1959. In the meantime, Rule 1-12B of this Court with reference to the changes of venue from the judge and from the county became effective on September 1, 1958. The situation thus falls clearly within the purview of the principle laid down in *State ex rel. Blood et al.* v. *Gibson Circuit Court* (1959), 239 Ind. 394, 157 N. E. 2d 475. In that case we held in a similar situation that

Rule 1-12B applied to all cases pending in the trial courts on September 1, 1958 and that a party had a period of ten days thereafter within which to file a motion for a change of venue pursuant to Rule 1-12B, if the cause had been at issue on the merits prior to the effective date of the rule (September 1, 1958). In that connection we stated:

". . . it must follow that the issues on the merits were closed on September 1, 1958, when Rule 1-12B, supra, became effective. Therefore, the remonstrators Cooper and Taylor were required to file their motion for a change of judge within ten days from September 1, 1958. They have not shown cause for an extension of time by reason of obtaining knowledge of the cause for change after that time, as limited by the rule, had run. Having failed to do either, their right to a change of judge was waived."

The relator therefore has failed to comply with Rule 1-12B in the respect mentioned. However, it is further contended that relator's motion for a change of venue from the county contains the necessary specific allegations as to prejudice, and as to the time and manner of discovery thereof, due diligence in discovering the facts, all as provided by Rule 1-12B for the filing of such a motion after the 10-day time limit fixed by the rule. It is further pointed out that no counter-affidavits were filed or oral evidence heard controverting the allegations in the verified motion.

The record shows that this motion, filed on November 26, 1958, (nineteen months after the closing of issues) was set for argument thereafter and the relator's attorney was notified of the date, but failed to appear, and the court thereafter overruled the motion. Thereafter, on September 15, 1959 relator filed a motion to reconsider the motion for a change of venue, which was like-

wise overruled by the court, and the cause was set for trial on September 28, 1959. The only standing such a motion for a change from the county can have, after obviously the 10-day time limit for filing same as of right had expired, must be grounded upon the following portion of Rule 1-12B:

"Provided, however, if the moving party first obtains knowledge of the cause for change of venue from the county or judge after the time above limited, he may file said application, which must be verified personally by the party himself, specifically alleging when the cause was first discovered, how it was discovered, the facts showing the cause for a change, and why such cause could not have been discovered before by the exercise of due diligence. Any opposing party shall have the right to file counter-affidavits on such issue within ten (10) days, and the ruling of the court may be reviewed only for abuse of discretion."

It is argued by the relator that the trial court abused its discretion in overruling the application for a change of venue for cause shown under the above rule. We recently considered this same question in the case of *State ex rel. Botkin* v. *Delaware Circuit Court* (1960), 240 Ind. 261, 162 N. E. 2d 611.

In line with the Botkin Case we must hold that original actions of mandate and prohibition in this Court cannot be utilized to review the discretion of a trial court on the ground that it had been abused in the denial of a motion for a change of venue based upon prejudice specifically set forth and supported by an affidavit of specific allegations intended to comply with that portion of Rule 1-12B set forth above.

In that case this Court stated:

"We are not able to say in a case such as this, where one attempts to make an affirmative showing of recent prejudice to escape the consequences of the 10 day rule, that a mandatory duty enjoined by law can be deemed to have devolved upon respondent court, to act in the manner requested by relator. On the contrary, the specific language of Rule 1-12B requires that the determination of the issue presented by this affidavit for change of venue must be addressed to the lower court's judicial discretion. And under decisions of this court above cited that issue is not a matter properly presented by resort to the extraordinary remedy of mandamus, but relator's remedy if he desires a review of the lower court's alleged abuse of discretion is by appeal."

The record shows that on September 25, 1959 (three days before the day fixed for the trial of this cause) the relator next filed an application for a change of venue from the judge. This motion was general in character, without any specific allegations therein, as required by the paragraph of Rule 1-12B set out above. The allegations are much in the nature of those used prior to the effective date of Rule 1-12B when, by such verified general allegations, a party could secure a change of venue at any time up to and including the day of trial. It was the purpose of the rule, as amended, to eliminate such practice by requiring specific allegations with reference to when, where and how the prejudice was discovered and what diligence was used in discovering the same. Even though no counter-affidavit was filed thereto, the motion for a change was so patently insufficient and defective that the trial court had no discretion, and was compelled to overrule the same.

For the reasons stated, the writ herein petitioned is denied.

Jackson, Bobbitt and Landis, JJ., concur.

Achor, J., not participating because of illness.

NOTE.—Reported in 163 N. E. 2d 597.