## SCOTT *v.* SCOTT.

[No. 19,935.  Filed July 16, 1965.  Rehearing denied August 17, 1965.  Transfer denied February 8, 1965.]

*Lloyd L. Dewester, Jr.,* of Indianapolis, for appellant.

*Craven & Healey,* of Indianapolis, and *Stevenson, Kendall & Stevenson,* of Danville, both for appellee.

BIERLY, Chief Justice.—Appellant, Helen Scott, instituted this action in the Hendricks Circuit Court for an absolute divorce from appellee, Robert E. Scott.

Appellant's complaint for an absolute divorce was predicated upon the statutory grounds of cruel and inhuman treatment. Appellant's complaint further requested custody of the minor children, a reasonable amount of money for their support, personal property of the parties, and costs of the action. Appellee filed his answer in compliance with Rule 1-3. On the same day appellee filed a cross-complaint in which he requested an absolute divorce from appellant, asserting cruel and inhuman treatment, custody of the minor children and all other proper relief in the premises.

The court entered its decree denying to appellant a divorce and granting appellee an absolute divorce, custody of the minor children and providing for division of the property of the parties.

Subsequent to the court's decree, the court sustained a motion by appellant to hold the proceedings in abeyance. Upon appellant's motion, the court opened the judgment on the motion for a new trial for the purpose of hearing additional testimony. Thereafter, appellant filed her motion for a change of venue from the judge, which motion was overruled by the trial court the same day it was filed. The cause was set for hearing of additional evidence. Final judgment, which contained the same findings as the initial decree, was thereafter rendered.

Appellant complains that manifest error was committed by the trial court in that:

"1. The court erred in overruling appellant's motion for new trial.

"2. The court erred in overruling appellant's motion for a change of venue from the Judge."

Appellant's motion for new trial asserts error:

"1. That irregularities occurred in the proceedings of the court by which the plaintiff was prevented from having a fair trial;

"2. Than an abuse of discretion by the court occurred during the course of the proceedings by which the plaintiff was prevented from having a fair trial;

"3. That the decision of the court is not sustained by sufficient evidence;

"4. That the decision of the court is contrary to law."

The first two specifications of error under appellant's motion for a new trial are not to be reviewed by this court. Specifications of error asserting irregularities in the proceedings and abuse of discretion of the court, thus vaguely stated as causes in a motion for a new trial, will not present error on appeal. It is not sufficient to allege error merely on the language of the statute; the motion must specifically set forth the error relied upon. The general language of the above two specifications of error is too general to apprise the trial court of appellant's asserted errors. For this reason this court will not review the above specifications. *Ferguson* v. *Ramsey* (1873), 41 Ind. 511; see also Flanagan, Wiltrout and Hamilton, *Indiana Trial and Appellate Practice*, § 1812, Comment 1, Provision 1, p. 379; *Ellis* v. *Auch et al.* (1954), 124 Ind. App. 454, 118 N. E. 2d 809; *Sheridan* v. *State* (1955), 125 Ind. App. 271, 124 N. E. 2d 701.

However, due to the importance of the question presented by appellant's belated motion for a change of venue from the judge, we will review this question. Appellant's belated motion, omitting formal parts, is as follows:

"Comes now the plaintiff, after being duly sworn upon her oath, and respectfully moves the Court grant a change of venue from the Judge for the following reasons:

"1. That the Judge is of kin to the defendant in this cause of action;

"2. That the convenience of witnesses and the ends of justice would be promoted by the change of Judge;

"3. That bias and prejudice exists on behalf of the trial Judge which makes it impossible for the plaintiff to have a fair and impartial trial.

"Affiant further states on her oath that she objects to the presiding Judge of the Hendricks Circuit Court selecting a Judge to try the case, or submitting a list of names from whom a Judge may be selected to try the case, and respectfully moves that the Court certify the facts to the Clerk of the Supreme Court of the State of Indiana as in such cases made and provided.

"Affiant further states on her oath that the reasons assigned for the Change of Venue from the Judge were newly discovered by this affiant after the commencement of this trial and the existence of these grounds for the Change of Judge were not known to the plaintiff prior to the commencement of the case in chief.

"WHEREFORE, affiant respectfully moves the Court grant the motion for Change of Judge in this case and provide for the appointment of a Special Judge as provided by the statute of the State of Indiana in *in* such cases made and provided."

Acts 1881 (Spec. Sess.), ch. 38, § 255, p. 240, being § 2-1401, Burns' 1946 Replacement, provides in pertinent part:

"The court, in term, or the judge thereof, in vacation, shall change the venue of any civil action upon the application of either party, made upon affidavit showing one [1] or more of the following causes:

". . .

"Second. That the judge is of kin to either party.

". . .

"Seventh. When either party shall make and file an affidavit of the bias, prejudice or interest of the judge before whom the said cause is pending."

Acts 1929, ch. 6, § 1, p. 12, being § 2-1402, Burns' 1946 Replacement, provides:

"When any matter of a civil, statutory or equitable nature not triable by a jury, is pending, the judge before whom

said cause is pending shall change the venue thereof upon the application of either party to such cause, made upon affidavit, of either party or his attorney, showing any one [1] or more of the reasons named in the statutes of this state authorizing changes of venue from the judge in civil actions. And the presiding judge shall make an appointment of a special judge to hear such cause in the manner provided by law for changes of venue in civil actions."

The above provision has been found to be applicable to actions for divorce. *McDaniels* v. *McDaniels* (1945), 116 Ind. App. 322, 62 N. E. 2d 876.

Rule 1-12B of the Rules of the Supreme Court provides, in part:

"1. In all cases where the venue of a civil action may now be changed from the judge or the county, such change shall be granted upon the filing of an unverified application or motion without specifically stating the ground therefor by a party or his attorney. Provided, however, a party shall be entitled to only one (1) change from the county and only one (1) change from the judge.

"2. In any action except criminal no change of judge or change of venue from the county shall be granted except within the time herein provided. Any such application for a change of judge or change of venue shall be filed not later than ten [10] days after the issues are first closed on the merits.

". . .

"8. Provided, however, if the moving party first obtains knowledge of the cause for change of venue from the county or judge after the time above limited, he may file said application, which must be verified personally by the party himself, *specifically alleging when the cause was first discovered, how it was discovered, the facts showing the cause for a change, and why such cause could not have been discovered before by the exercise of due diligence.* Any opposing party shall have the right to file counter-affidavits on such issue within ten (10) days, *and the ruling of the court may be reviewed only for abuse of discretion."* (Our emphasis).

It appears that a brief history of the applicable rules of the Supreme Court is necessary for an understanding of the question presented.

Rule 1-12 as adopted in 1946 provided, in part:

". . . An application for change of judge as now provided by law, shall be filed at least ten days before the date set for the trial, or if a date less than ten days in the future is set for the trial, the application shall be filed within two days after the setting of the case for trial . . ."

In the case of *State ex rel. Chambers* v. *Heil* (1951), 229 Ind. 176, 96 N. E. 2d 225, it was held that a general allegation of bias and prejudice and that the affidavit was filed at the first opportunity after the bias and prejudice of the judge was discovered, would suffice to relax that portion of Rule 1-12 set forth above.

Rule 1-12B as adopted in 1955 provided, in part, as follows:

"In all cases where the venue of a civil action may now be changed from the judge or the county, such change shall be granted upon the filing of an unverified application or motion therefor by a party or his attorneys; Provided, however, a party shall be entitled to only one change from the county and only one change from the judge.

"In any action except criminal no change of venue from the county shall be granted except within the time herein provided. Any such application for change of venue shall be filed within ten (10) days after the issues are first closed on the merits, or if the issues are closed without answer by operation of law, or where a cause is remanded for a new trial by the Appellate or Supreme Court, within ten (10) days after the party has knowledge the cause is ready to be set for trial. Any application for change of venue from the county to which the venue is first changed shall be filed within ten (10) days after the moving party has knowledge the cause has reached the county if the issues have already been closed as above provided.

"Provided, however, if the moving party first obtains knowledge of the cause for change after the time above limited, he may file said application, which must be verified personally by the party himself, specifically alleging when the cause was first discovered, how it was discovered, the facts

showing the cause for a change, and why such cause could not have been discovered before by the exercise of due diligence. Any opposing party shall have the right to file counter-affidavits on such issue within ten (10) days, and the ruling of the court may be reviewed only for abuse of discretion."

In *State ex rel. La Baw, Admr., etc.* v. *Sommer, J.* (1957), 237 Ind. 393, 146 N. E. 2d 420, the Supreme Court held:

"Thus it seems clear that the provision of Rule 1-12B which requires that the application for '. . . change after the time *above limited,* . . . must be verified personally by the party himself, specifically alleging when the cause was first discovered, how it was discovered, the facts showing the cause for a change, and why such cause could not have been discovered before [by] the exercise of due diligence . . .' is related to taking a change of venue from the county only, and that the limitation recited in Rule 1-12, as construed by *State ex rel. Chambers, supra,* is controlling as related to proceedings for change of judge." See also: *State ex rel. Duffy* v. *Lake Juvenile Ct. et al.* (1958), 238 Ind. 404, 151 N. E. 2d 293.

However, Rule 1-12B, as adopted in 1955, was amended in 1958 and is now applicable for change of judge as well as change of venue from the county.

In *State ex rel. Kielpikowski* v. *Murray, Judge, etc.* (1960), 240 Ind. 222, 163 N. E. 2d 597, where an application for change of judge was not timely filed, the Supreme Court held:

"The record shows that on September 25, 1959 (three days before the day fixed for trial of this cause) the relator next filed an application for a change of venue from the judge. This motion was general in character, without any specific allegations therein, as required by the paragraph of Rule 1-12B set out above. The allegations are much in the nature of those used prior to the effective date of Rule 1-12B when, by such verified general allegations, a party could secure a change of venue at any time up to and including the day of the trial. It was the purpose of the rule, as amended, to eliminate such practice by requiring specific allegations with reference to when, where and how the prejudice was discovered and what diligence was used in discovering the same. *Even though no counter-affidavit was filed thereto,*

*the motion for a change was so patently insufficient and
defective that the trial court had no discretion, and was
compelled to overrule the same."* (Our emphasis).

Section 2-1401, *supra,* affords the right to a change of venue
from the judge and enunciates the grounds therefor. The rules
of the Supreme Court prescribe the time within which such
application should be filed. However, a problem arises when
the application is not timely filed. Under prior practice, it was
sufficient to file a general affidavit that the application was
filed at the first opportunity after such ground for change
was discovered. *State ex rel. La Baw, Admr., etc.* v. *Sommer,
J., supra.* The cases held that it was necessary to grant a
change in these circumstances in order to avoid subjecting
a party to a patently unfair trial and destroying an absolute
right conferred by the legislature. *State ex rel. Chambers* v.
*Heil, supra.* However, this resulted in a practice whereby
anyone could secure a change by filing verified general allega-
tions. The Supreme Court, in adopting Rule 1-12B, has placed
the burden upon the maker to set forth specific allegations
with reference to when, where and how such cause for change
of judge was discovered and what diligence was used in dis-
covering the same. This rule further provides that the ruling
of the court may be reviewed only for abuse of discretion. The
Supreme Court, in adopting Rule 1-12B, has certainly not
destroyed this right granted by the legislature, but has placed
a burden upon the moving party to set forth in his verified
application certain specific allegations. It follows that the
Supreme Court considers this a right granted by legislature
and one exercised only by the procedure expressly set forth
in Rule 1-12B.

Supreme Court Rule 1-12B sets forth explicitly the essential
allegations to be included in the belated verified application
for change of venue. We do not feel that Rule 1-12B is vague
nor does it subject a litigant, with a bona fide ground or
grounds for change of venue, to an unreasonable burden.

We do not deny, nor does Rule 1-12B deny, the litigants of
this state the right to a fair and impartial trial or tribunal.

But we do require that the *clear and unambiguous* requirements of Supreme Court Rule 1-12B be complied with.

In the case at bar, the appellant's verified application or motion set forth only general allegations and totally failed to meet the requirements of Rule 1-12B.[1]

We refer again to § 2-1401, *supra,* to clause "Second," which reads as follows: "That the Judge is of kin to either party," as a condition for a change of venue on application of either party by affidavit. We note that this section fails to set up any standard of measurement indicating the degree of kinship which would disqualify the court or the judge from hearing a civil action. Hence, we must look to other applicable statutes, if any, for a determination of this question.

Section 9-1303, Burns' 1956 Replacement, reads as follows:

> "No judge of any court shall preside in or try any criminal cause, where he is related to the defendant by marriage or by blood, within the sixth degree of consanguinity, nor where he has been of counsel in the cause, either for the state or for the defendant; and in either of such cases it shall be the duty of the regular judge to select a special judge to try such cause."

It seems apparent to us that there would be no legislative intent to prescribe a more limited test for a court or judge to sit in a civil action than is set forth in a criminal case relative to the matter of kinship of court or judge.

We cite, also, clause "Eleventh" of § 1-201, Burns' 1946 Replacement, entitled, "Statutes, how construed," as follows:

> "When a person is required to be disinterested or indifferent in acting on any question or matter affecting other parties, consanguinity or affinity within the sixth degree, inclusive, by the civil law rules, or within the degree of second cousins, inclusive, shall be deemed to disqualify such person from acting, except by consent of the parties."

---

1. The belated affidavit in the case at bar contains the same general infirmities, as to conforming to Rule 1-12B, as in the affidavit filed in *State ex rel. Kielpikowski* v. *Murray, Judge,* (1960), 240 Ind. 222, 163 N. E. 2d 597.

It appears to us that this § 1-201, *supra,* prescribes the guideline to determine legislative intent of the word "kin" as given in § 2-1401, *supra.*

According to the record, during the hearing of evidence subsequent to the court reopening the case to hear additional evidence on direct examination of appellant, this exchange occurred between the court and the appellant:

> "The Court: I have one question, Mrs. Scott, for the record, and also for my own knowledge. You have filed an affidavit in this case alleging that the judge is of kin to the defendant. Would you tell me what the relationship is?

> "Answer: After the hearing went as it did, the following morning after I saw Barbara Groover and I asked Barbara what relationship Judge Groover was to Betty Groover and she said they were fourth cousins; that Bob's mother had one sister that died when she was 26 years old. She had a little boy, Billy Groover and Bob's grandmother raised Billy Groover and they grew up together and you would be a relative of the family.

> "The Court: What relative would you say that would be?

> "Answer: Fifth cousin, would that be?

> "The Court: I want to know from you, you are the one that signed the affidavit.

> "Answer: I would say fifth cousin.

> "The Court: That is all."

Then on redirect examination of Helen Scott, appellant, by Mr. Dewester, in reference to her motion for a change of venue, this testimony was given:

> "Q. This motion was filed at your request, was it not?

> "A. Yes.

> "Q. And I personally advised you against filing the motion for a change of judge, at that time?

> "A. Yes.

> "Mr. Dewester: That is all."

We think that the affidavit for change of judge filed by appellant was not appropriate and the attempt by her to establish a disqualification of the judge is lacking in essential elements.

Hence, on the basis of the foregoing reasons and upon the strength of *State ex rel. Kielpikowski* v. *Murray, J., supra,* it is our opinion that the verified motion for change of ■ judge was so patently insufficient that the trial court had no discretion but to overrule the same.

Appellant next complains that the decision of the trial court is not sustained by sufficient evidence. As the decision of the court was negative to appellant, she is unable to attack the sufficiency of the evidence in this court.

Lastly, the appellant complains that the decision of the court is contrary to law. In *Bone* v. *Bone* (1962), 132 Ind. App. 630, 179 N. E. 2d 584, this court held:

"We shall consider the evidence most favorable to appellee to determine whether or not the evidence and all reasonable inferences deductible therefrom support the finding ■ that appellant was guilty of cruel and inhuman treatment toward appellee. If there is any substantial evidence of probative value to sustain the finding and decision of the trial court, the judgment must be affirmed. *Mitchell* v. *Mitchell* (1956), 126 Ind. App. 377, 133 N. E. 2d 79; *Poore* v. *Poore* (1955), 125 Ind. App. 392, 125 N. E. 2d 810."

Having carefully considered the testimony of the parties and witnesses in this case, we feel it is sufficient to say that, at best, the evidence is conflicting therein. By the very nature of a divorce proceedings, a great deal of weight must be placed upon the credibility and demeanor of the parties and witnesses. The trial court had ample opportunity to observe and study the credibility and the demeanor of the parties and witnesses. Considering the evidence most favorable to the appellee, we are unable to find reversible error.

The appellant having failed to establish reversible error, the judgment of the trial court is hereby affirmed.

Prime, P. J., Carson and Mote, JJ., concur; Smith, J., dissents with opinion, in which Hunter J., concurs. Faulconer, J., concurs in result.

DISSENTING OPINION

SMITH, J.—I am herewith dissenting from Judge Bierly's opinion in this case as follows:

This is an action filed by the appellant on August 30, 1961, for an absolute divorce from the appellee. On November 30, 1961, the appellee, Robert E. Scott, filed his answer and a cross-complaint for divorce. The basis of both the appellant's complaint and the appellee's cross-complaint was the statutory grounds of cruel and inhuman treatment.

The cause was submitted to the court for trial without the intervention of jury and on March 19, 1962, a finding, judgment and decree of the court was entered, denying the divorce to the appellant and granting an absolute divorce to the appellee together with custody of the minor children.

Subsequently on the 23rd day of March, 1962, appellant filed a motion to hold the proceedings in abeyance, and the court on said day ordered and decreed that said proceedings be held in abeyance.

On April 17, 1962, the appellant filed a motion for a new trial; and, after oral argument on said motion, the court took such motion under advisement and on the 21st day of May, 1962, opened the judgment previously entered for the purpose of hearing additional testimony upon the appellant's motion for a new trial.

Subsequently on the 23rd day of June, 1962, the appellant filed a motion for change from the judge, which motion omitting captions, signatures and formal parts reads as follows:

"Comes now the plaintiff, after being duly sworn upon her oath, and respectfully moves the court grant a change of venue from the judge for the following reasons:

"1. *That the Judge is of kin to the defendant in this cause of action;*

"2. That the convenience of witnesses and the ends of justice would be promoted by the change of Judge;

"3. That bias and prejudice exist on behalf of the Trial

Judge which makes it impossible for the plaintiff to have a fair and impartial trial;

". . . Affiant further states on her oath that the reasons assigned for the Change of Venue from the Judge were newly discovered by this affiant after the commencement of this trial and that the existence of these grounds for the Change of Judge were not known to the plaintiff prior to the commencement of the case in chief;

"WHEREFORE, affiant respectfully moves the court grant the motion for Change of Judge in this case and provide for the appointment of a Special Judge as provided by the statute of the State of Indiana in such cases made and provided." (Emphasis supplied)

Said motion for change of judge was overruled by the court on June 23, 1962.

The cause was set for hearing of additional evidence on July 17, 1962, and at said time the trial court amended its judgment, entered new findings, and a new judgment and decree therein, denying a divorce to the appellant and granting an absolute divorce to the appellee together with the custody of minor children.

On July 20, 1962, appellant filed a motion to stay proceedings and tendered bond.

On the 14th day of August, 1962, appellant filed a motion for a new trial which, omitting captions, signatures and formal parts, reads as follows:

"1. That irregularities occurred in the proceedings of the court by which the plaintiff was prevented from having a fair trial.

"2. That an abuse of discretion by the court occurred during the course of the proceedings by which the plaintiff was prevented from having a fair trial.

"3. That the decision of the court is not sustained by sufficient evidence.

"4. That the decision of the court is contrary to law.

On August 20, 1962, said motion for new trial was overruled.

On November 19, 1962, appellant filed her assignment of errors alleging therein that the court erred in overruling appellant's motion for a new trial; and that the court erred in overruling appellant's motion for change of venue from the judge.

The only issue which I will discuss in this dissenting opinion is whether or not the trial court erred in overruling the motion for change of venue from the judge. This issue is raised by specifications number 1, 2, and 4 of the motion for a new trial and is presented in the assignment of errors number 1 and 2.

The statutes of the State of Indiana provide for the granting of a change of venue and the causes for a change of judge are set forth in § 255, ch. 38, Acts of 1881 (Spec. Sess.), the same being § 2-1401, Burns' Indiana Statutes. Said section reads as follows:

"The court, in term, or the judge thereof, in vacation, shall change the venue of any civil action upon the application of either party, made upon affidavit showing one or more of the following causes:

"First. That the judge has been engaged as counsel in the cause prior to his election or appointment as judge, or is otherwise interested in the cause.

"Second. *That the judge is of kin to either party.*

"Third. That the opposite party has undue influence over the citizens of the county, or that an odium attaches to the applicant, or to his cause of action or defense, on account of local prejudice.

"Fourth. When the county is a party to the suit.

"Fifth. Showing to the satisfaction of the court that the convenience of witnesses and the ends of justice would be promoted by the change.

"Sixth. That the judge of the court wherein such action is pending is a material witness for the party applying for such change.

"Seventh. When either party shall make and file an affidavit of the bias, prejudice or interest of the judge before whom the said cause is pending." (Emphasis supplied)

Sec. 1, ch. 122, Acts 1913, and Sec. 1, ch. 6, Acts 1929, the same being Sec. 2-1402 Burns' Indiana Statutes, provides for a change of judge in cases not triable by jury and this Act has been found to be applicable to actions for divorce. *Mc-Daniel* v. *McDaniel* (1945), 116 Ind. App. 322, 62 N. E. (2d) 876.

From a careful examination of the motion for change of judge filed in this case it appears that the appellant, by her verified motion, sought to secure the impartial selection of a judge as provided by our statutes, and alleged in said motion the following causes for the granting of the change of judge:

"1. *That the judge is of kin to the defendant in this cause of action;*

"2. That the convenience of witnesses and ends of justice would be promoted by a change of judge;

"3. That bias and prejudice exists on behalf of the trial judge which makes it impossible for the plaintiff to have a fair and impartial trial."

The appellant further stated upon oath that "the reasons assigned for the change of venue from the judge were newly discovered by this affiant after the commencement of this trial and existence of these grounds for change of judge were not known to the plaintiff prior to the commencement of the case in chief."

The law is well settled in Indiana that a change of judge is required to be granted when a proper application or motion for the change is timely filed; and the refusal of the trial judge to grant a proper application or motion for change of judge constitutes prejudicial error. *State ex rel. Gmil* v. *Markey* (1951), 230 Ind. 68, 101 N. E. (2d) 707; *Dowd* v. *Harmon* (1951), 229 Ind. 254, 96 N. E. (2d) 902.

The question immediately arises as to whether the motion for change of judge was timely filed since the motion in the trial of this cause was filed after the commencement of the proceedings and at a time when the court had reopened the

case for further evidence. However, it was filed prior to the submission of the additional evidence and prior to the rendition of the amended decree from which this appeal is taken.

The court held in *Braun* v. *Miller Manufacturing Company,* etc., et al (1928), 88 Ind. App. 631, 633, 165 N. E. 251, as follows:

". . . It is therefore held that the change of venue from the judge may not be made during the trial unless there is such a showing made as to show the *entire disqualification of a judge.* . . ." (Emphasis supplied)

It would appear that a sworn allegation that the judge is of kin to the appellee certainly would be a sufficient showing to establish the "entire disqualification of the judge."

The court, after overruling the motion for change of judge, proceeded to hear additional evidence. The appellant testified under oath that she had been informed of the relationship of the trial judge to the appellee after the original hearing; and further testified as to the relationship that existed between the trial judge and the appellee. The record does not disclose any evidence rebutting this testimony of the appellant and the appellant's testimony remains unchallenged. The appellee did not offer any evidence to rebut or challenge the testimony of the appellant as to the existence of the relationship between the trial judge and himself, and the existence of alleged bias and prejudice.

It is my opinion that when a judge becomes aware of the fact that entirely disqualifies him to try a case he should immediately vacate the bench without the necessity of an affidavit for change of judge being filed. *Walb* v. *Eshelman et al* (1900), 176 Ind. 253, 94 N. E. 566.

A strict application of Rule 1-12 of the Supreme Court of the State of Indiana precluding granting of a change of judge when the disqualification of a judge was discovered after the

time for a proper filing of the motion had elapsed, would create a grave injustice in many cases. Our Supreme Court in *State ex rel Chambers* v. *Heil, Special Judge* (1951), 229 Ind. 176, 177 and 178, 96 N. E. 2d 225, held as follows:

> "For many years it has been held in Indiana that local court rules fixing the time within which an application for change of venue from the judge must be filed, must yield when the application shows that the reason for the change was not discovered within the time allowed, and the application has been made within a reasonable time after the discovery of the existence of the grounds for a change. . . .

> "Our statutory law affords the right to a change of venue from the judge. The bias and prejudice of the judge before whom the cause is pending is a statutory ground for change. . . . To enforce the rule in cases where the cause for the change was discovered after time for filing the application under the rule had expired, *would be to require the impossible, expose parties to the hazards of an unfair trial, and destroy an absolute right conferred by the legislature. . . ."*
> (Emphasis supplied)

It is my opinion that the appellant in this case filed her motion for change of judge at the first opportunity that was afforded after discovery of the reasons for change of judge during the course of the proceedings below and that it was incumbent upon the court to disqualify himself once the kinship or relationship between the judge and either one of the parties was alleged in an affidavit for change of judge. *Particularly in this case the alleged bias and prejudice can clearly be inferred from the conduct of the trial judge in his ruling denying the motion for a change of judge, and in his restriction of the submission of evidence after reopening the case.*

The underlying philosophy which prompted the enactment of the various change of venue laws is that the parties are entitled to a fair and impartial trial by a fair and impartial tribunal. A sworn allegation that the judge is of kin to either party to the action is certainly a sufficient showing of the entire disqualification of the judge; and to deny a

motion for change of judge after kinship has once been alleged is to deny to the parties a fair and impartial trial by a fair and impartial tribunal. It is my opinion that in this case the trial judge, after an affidavit for change of venue was filed alleging therein that he was of kin to the appellee in this action, committed reversible error in denying the motion for change. He not only disregarded the underlying principles controlling the enactment of the various change of venue laws but he also violated the principles of judicial canons prescribing ethical standards of judicial conduct.

In my opinion this case should be reversed.

Hunter, J., concurs in dissenting opinion.

## ON PETITION FOR REHEARING

BIERLY, C. J.—We feel impelled to discuss two questions of paramount importance in denying appellant's Petition for Rehearing in the above entitled cause. First, we shall consider her belated verified motion for a change of venue from the Judge; the second relates to the allegation of kinship of the Judge to the defendant-appellee.

The majority opinion, as well as appellant's Petition for Rehearing, sets forth verbatim point 8 of the Rule 1-12B of the Rules of the Supreme Court, which specifically sets up in detail the requirement and conditions to be met in filing of a belated affidavit for a change of venue from the Judge.

The closing rhetorical paragraph of said belated affidavit, preceding the prayer thereof, reads thus:

"Affiant further states on her oath that the reasons assigned for the Change of Venue from the Judge were newly discovered by this affiant after the commencement of this trial and the existence of these grounds for the Change of Judge were not known to the plaintiff prior to the commencement of the case in chief."

In section 8 of Rule 1-12B, the Supreme Court sets up a standard to be followed by an affiant in filing a belated affi-

davit, therein (1) specifically alleging when the cause was first discovered, (2) how it was discovered, (3) the facts showing a cause for a change of venue, and (4) why said cause could not have been discovered before by the exercise of due diligence.

It is true that appellant's belated verified motion alleged kinship of the Judge; that bias and prejudice existed on the trial Judge thereby preventing a "fair and impartial trial" and that newly discovered evidence following the beginning of the trial and the existence of the grounds were unknown to the plaintiff "prior to the commencement of the case in chief."

Appellant failed to specifically allege in her motion when the cause (for change of venue) was first discovered. She testified, after the court had reopened the case to her additional evidence, that,

"After the hearing went as it did, the following morning after I saw Barbara Groover and I asked Barbara what relationship Judge Groover was to Betty Groover and she said they were fourth cousins; that Bob's mother had one sister that died when she was 26 years old. She had a little boy, Billy Groover and Bob's grandmother raised Billy Groover and they grew up together and you would be a relative of the family."

Thence appellant testified that Judge Groover was a fifth cousin of the defendant.

No effort was made to meet the requirement of Supreme Court Rule 1-12B, section 8, as to "why said cause could not have been discovered before by the exercise of due diligence." The able counsel of appellant even testified in court, at the time of the hearing on the belated affidavit for change of venue, that he advised appellant against the filing of the affidavit. No statement was given as to the reason for such tendered advice.

In addition to our reasoning in the majority opinion, we quote from the synopsis in this case, Helen J. Scott v. Robert

E. Scott, as published in INDIANA DECISIONS AND LAW REPORTER by Bobbs-Merrill, Inc., on July 30, 1965, in Vol. 6, No. 2, at page 94, as follows:

"COURTS AND COURT RULES—When Judge is of Kin to Either Party. A judge is deemed to be of kin to a party if he is within the sixth degree of consanguinity under the civil law, or within the degree of second cousins under the canon law. p. 101."

We attach as a compilation by W. C. Cox & Company, Copyright 1964, a chart relative to establishing relationship or next of kin.

The above-cited quotation from INDIANA DECISIONS fortifies our contention, as expressed by the majority opinion, that clause "Second" of § 2-1401, Burns' 1946 Replacement, to-wit: "That the judge is of kin to either party," standing alone fails to set any standard as guide lines to determine degree of kinship disqualifying a judge to sit in a cause of action; but that other legislative enactments, if any, must be employed to define the disqualification of a jurist, on the basis of kinship to either party, to sit during a trial of a cause of action. The majority opinion cited such pertinent statutes.

We are somewhat at a loss to appreciate appellant setting out, in her belated verified application for a change of venue, the manner of the selection of a special judge on the assumption that Judge Groover would disqualify himself. Section 11, Rule 1-12, Rules of the Supreme Court, entitled "Special Judges—Selection," reads as follows:

"Except in courts of justices of the peace, magistrates, city and municipal courts, whenever the regular judge or presiding judge of any court shall be a party to any proceedings, whether civil, statutory or criminal, the venue of which shall be before him, such judge shall at once disqualify himself and cause such fact to be certified to the Supreme Court which shall thereupon appoint a special judge."

We find nothing in the record disclosing that Judge Groover was a party to the proceedings in this case of Scott v. Scott, hence §§ 3 and 12 of Rule 1-12, Rules of the Supreme Court, are applicable should the Judge have vacated the bench in this cause of action.

Petition for rehearing denied.

Prime, P.J., Carson, Faulconer, Mote, Wickens, JJ., concur.

Hunter, J.: "I dissent from the denial of the petition for rehearing and am of the opinion that the petition for rehearing should be granted."

Smith, J., concurs in dissent.

NOTE.—Reported in 209 N. E. 2d 49. Rehearing denied reported in 209 N. E. 2d 518.